**Wendy Lee COIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–151–CR.**

Court of Appeals of Texas, Austin.

March 18, 1987.

Rehearing Denied April 15, 1987.

Ken Oden, Co. Atty., Joseph C. Parker, Jr., Asst. Co. Atty., Austin, for the State.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

On appeal *de novo* from justice court, the trial court found appellant guilty of failing to maintain financial responsibility in violation of the Safety Responsibility Law, Tex. Rev.Civ.Stat.Ann. art. 6701h (Supp.1987).[1] The court assessed punishment at a fine of $101.

In two points of error, appellant contends the evidence is insufficient to support the judgment of conviction. Specifically, appellant contends the State proved only that she failed to furnish evidence of financial responsibility in violation of § 1B(a), and that such proof is not sufficient to convict her for failing to maintain financial responsibility under § 1C.

■ The Safety Responsibility Law imposes a duty on all persons who own and/or operate a motor vehicle in this State to make certain that proof of financial responsibility, in the form of an owner's or operator's motor vehicle liability insurance policy (or certain statutorily-prescribed substitutes), is in effect to insure against potential losses which may arise out of the operation of the vehicle. *Moser v. State,* 691 S.W.2d 23 (Tex.App.1985, pet. ref'd). In order to facilitate the enforcement of this duty, § 1B(a) requires every owner and/or operator to furnish upon request evidence of financial responsibility. The failure to furnish evidence of financial responsibility does not constitute an offense

1. The relevant portions of art. 6701h are as follows.

Section 1:
The following words and phrases, when used in this Act, shall, for the purposes of this Act, have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning:

. . . . .

10. "Proof of Financial Responsibility"— Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the following amounts: . . . .

Section 1A(a):
On and after January 1, 1982, no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.

Section 1B(a):
On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department, or to another person involved in an accident.

Section 1C:
Failure to maintain financial responsibility as defined in Section 1(10) of this Act is a Class C misdemeanor, punishable by a fine of not less than Seventy-five Dollars ($75). Subsequent offenses shall be Class B misdemeanors, punishable by a fine of not less than Two Hundred Dollars ($200).

Section 1D:
It is a defense to prosecution under this Act if the person charged produces in court an automobile insurance policy or a certificate of self-insurance previously issued to that person that was valid at the time that the offense is alleged to have occurred and the charge shall be dismissed.

under the Safety Responsibility Law. *See* Tex.Att'y Gen.Op. No. MW–577 (1983). However, when § 1B(a) is read together with §§ 1C and 1D, it is clear that a driver's failure to furnish evidence of financial responsibility gives rise to a presumption that no policy of motor vehicle liability insurance is in effect. From proof of the former, the trier of fact is permitted to find the latter. Tex.Pen.Code Ann. § 2.05 (Supp.1987).

■ In any criminal statutory presumption, there must be a rational connection between the fact giving rise to the presumption and the ultimate fact presumed; that is, the presumed fact must, more likely than not, flow from the proved fact. *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969); *Ulster County Court v. Allen*, 442 U.S. 140, 165, 99 S.Ct. 2213, 2228, 60 L.Ed.2d 777 (1979). In our opinion, the presumption established by the Safety Responsibility Law satisfies this test. There is a rational connection between the fact proved—the failure to furnish evidence of financial responsibility—and the fact presumed—that no motor vehicle liability insurance policy (or acceptable substitute) is in effect.

■ The undisputed evidence at trial establishes that appellant was operating a motor vehicle at the time and place in question, and that she failed to furnish evidence of financial responsibility when requested to do so by a law enforcement officer. These facts constitute *prima facie* proof of a violation of § 1C. Under § 1D, the burden was on appellant to raise the issue of the existence of an applicable liability insurance policy by coming forward with evidence supporting the defense. Tex.Pen. Code Ann. § 2.03 (1974).

Appellant offered no evidence that an automobile liability insurance policy or certificate of self-insurance was in effect to insure against potential losses arising out of her operation of the vehicle at the time the offense was alleged to have occurred. We hold the evidence is sufficient to support the judgment of conviction.

■ In her final point of error, appellant contends § 1C is unconstitutionally vague because "failure to maintain financial responsibility" is not adequately defined in the statute. We disagree. Section 1(10) defines financial responsibility as the ability to respond in damages for liability in certain minimum amounts. Section 1A requires that a policy of automobile liability insurance in at least the specified minimum amounts be in effect for all motor vehicles operated in this State. In our opinion, a person of ordinary intelligence would understand that "failure to maintain financial responsibility," as that term is used in § 1C, means a failure to have the required policy of automobile liability insurance (or an acceptable substitute) in effect when operating a motor vehicle.

The judgment of conviction is affirmed.