

# THE ATTORNEY GENERAL
## OF TEXAS

June 16, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Hugh Parmer
Chairman
Intergovernmental Relations
Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-917

Re: Constitutionality of section 1C(e) of article 6701h, V.T.C.S., requiring payment of a $10 fee to dismiss proceedings for failure to maintain proof of financial responsibility (RQ-1427)

Dear Senator Parmer:

The 70th legislature amended the Motor Vehicle Safety-Responsibility Act to permit courts to charge a ten dollar fee before dismissing a criminal charge for failure to maintain proof of financial responsibility, when the charge is based solely on a failure to produce suitable documentary proof of financial responsibility when requested by a police officer and when adequate proof is produced at a subsequent hearing on the charge. The fee is unconstitutional.

The Safety-Responsibility Act requires as a condition for the operation of a motor vehicle that a policy of automobile liability insurance be available in a specified amount to insure against potential losses which may arise out of the operation of the vehicle, unless the vehicle is exempt, or unless other acceptable arrangements to demonstrate financial responsibility have been made. V.T.C.S. art. 6701h, § 1A. Section 1C of the act makes it a crime to fail to maintain financial responsibility. V.T.C.S. art. 6701h, § 1C(a).

Section 1B of the statute mandates that "every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility. . . ." V.T.C.S. art. 6701h, § 1B(a). While this section of the statute specifies the appropriate evidence of financial responsibility that must be furnished to a police officer who requests it, failure to

furnish the evidence is not a crime. In other words, section 1B of the statute does not create an offense where the operator of a motor vehicle does not carry documentary proof of financial responsibility while operating a motor vehicle. Attorney General Opinion MW-577 (1983). See also Attorney General Opinion JM-439 (1986).[1] The legislature remains free to make the failure to carry proof of financial responsibility when operating a motor vehicle a crime.

The statute sets out as a "defense" to a prosecution for failure to maintain financial responsibility the production of documentary proof of financial responsibility that was valid at the time that the "offense is alleged to have occurred." In such a case, "the charge shall be dismissed." V.T.C.S. art. 6701h, § 1D. In other words, evidence of financial responsibility produced in court negates any presumption that an offense has been committed. Thus, if a charge is brought for failure to maintain financial responsibility based on the presumption that a failure to furnish documentary proof of financial responsibility is evidence of a failure to maintain the requisite financial responsibility, and sufficient proof of financial responsibility is furnished, then the defendant is innocent.

The 70th legislature amended the statute to require that persons found innocent in these circumstances nevertheless must pay a ten dollar fee when the charge is dismissed. Acts 1987, 70th Leg., ch. 579, § 1 (eff. Sept. 1, 1987) (amending section 1C, article 6701h, V.T.C.S.). Imposition of such a fee violates due process.

The constitutions of both Texas and the United States contain provisions requiring that the state provide due process in administering the criminal laws. Tex. Const. art. I, §§ 13, 19; U.S. Const., amendments V and XIV. Action by the state must be consistent with the fundamental principles of liberty and justice. Dixon v. McMullen, 527

---

1. We are aware of a per curiam decision by a single court of appeals that sanctions the use of a presumption based on a failure to produce documentary evidence of financial responsibility as the sole basis for a conviction for failure to maintain financial responsibility. Coit v. State, 728 S.W.2d 105 (Tex. App. - Austin 1987, pet. ref'd, n.r.e.). Your questions do not require us to address the opinion in this case.

F.Supp. 711 (D.C.N.D. Tex. 1981).   Collecting a fee from a defendant pronounced innocent by the same statute which requires the fee departs from the principles of ordered liberty.  A constitution that does not permit ex post facto laws surely does not permit punishment of an act that is not made unlawful.  See Tex. Const. art. I, § 16.  The law may not require a defendant to pay a fee in order to obtain the dismissal of a criminal charge of which the defendant is innocent.

The requirement that an innocent defendant pay a ten dollar fee before obtaining the dismissal of an unfounded criminal charge has been contrary to our notions of due process and the law of the land since Magna Carta.  ("We will sell to no man . . . either justice or right."  Magna Carta, ch. 40, reprinted in 11 Guide to American Law 252).  See also Tex. Const. art. I, §§ 13, 19.

### S U M M A R Y

Article 6701h, section 1C(e) of the Motor Vehicle Safety-Responsibility Act is unconstitutional.  Criminal defendants innocent of a charge may not be required to pay a fee in order to have the charge dismissed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General