**Wendy Lee COIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 529–87.**

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

Rehearing Overruled May 15, 1991.

Harold L. Coit, Austin, for appellant.

Ken Oden, County Atty. and Alia Moses, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION
## FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

In a trial to the court, appellant, Wendy Lee Coit, was found guilty of failing to maintain financial responsibility, in violation of § 1C(a) of the Safety Responsibility Law, Tex.Rev.Civ.Stat. art. 6701h.[1] Punishment was assessed at a fine of $101. Appellant contended on appeal that the evidence was insufficient to support her conviction, but the Third Court of Appeals disagreed. *Coit v. State*, 728 S.W.2d 105 (Tex.App.—Austin 1987). We granted appellant's petition for discretionary review, pursuant to Tex.R.App.Pro. 200(c)(4), in order to determine whether the evidence adduced at trial was sufficient to prove appellant's guilt beyond a reasonable doubt. We will reverse.

Only one witness testified at trial. Officer Juan Soliz, of the Department of Public Safety, testified that on the evening of September 30, 1983, he stopped appellant for speeding on State Highway 71 in Travis County; that he asked appellant for her driver's license and proof of automobile liability insurance; that she produced only her driver's license; and that he could not remember anything appellant said at the time of the incident.

Article 6701h, § 1C(a), provides in relevant part that "[f]ailure to maintain financial responsibility as defined in Section 1(10) of this Act is a Class C misdemeanor, punishable by a fine of not less than Seventy-five Dollars ($75)." Section 1(10) of the Act, however, does not define "financial responsibility;" nor did it·do so in September 1983. At the time of the alleged offense, § 1(10) defined *"proof of* financial responsibility" as:

Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of Ten Thousand Dollars ($10,000) because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, in the amount of Twenty Thousand Dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one accident, and in the amount of Five Thousand Dollars ($5,000) because of injury to or destruction of property of others in any one accident. The proof of ability to respond in damages may exclude the first Two Hundred Fifty Dollars ($250) of liability for bodily injury to or death of any one person in any one accident, and, subject to that exclusion for one person, may exclude the first Five Hundred Dollars ($500) of liability for the bodily injury to or death of two (2) or more persons in any one accident and may exclude the first Two Hundred Fifty Dollars ($250) of liability for the injury to or destruction of property of others in any one accident.

1971 Tex.Gen.Laws 2867, ch. 944, § 1, *amended by* 1983 Tex.Gen.Laws 3124, ch. 535, § 1.

The court of appeals held that appellant's failure, on the date in question, to furnish Officer Soliz proof of an automobile liability insurance policy or certificate of self-insurance "constitute[d] *prima facie* proof of a violation of § 1C." 728 S.W.2d at 107. The court reasoned that "when § 1B(a) is read together with §§ 1C and 1D, it is clear that a driver's failure to furnish evidence of financial responsibility gives rise to a presumption that no policy of motor vehicle liability insurance is in effect."[2] *Id.*

---

1. The complaint alleged in relevant part that appellant "did ... while operating a motor vehicle, fail to maintain financial responsibility as defined in Vernon's Civil Statutes Ann. Article 6701H Section 1 for the use and operation of the said motor vehicle."

2. Article 6701h, § 1B(a), provides:
   On and after January 1, 1982, every [motor vehicle] owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department [of Public Safety], or to another person involved in an accident.
   Section 1D provides:
   It is a defense to prosecution under this Act if the person charged produces in court an auto-

In her petition for discretionary review, appellant argues that §§ 1C(a) and 1(10), by their plain language, "do[ ] not purport to equate failure to have liability insurance with failure to maintain financial responsibility." Appellant's Brief at 6–7. Appellant argues further that, in effect, "section 1(10) defines financial responsibility as the ability to respond in damages for liability in certain minimum amounts" and that "proof that no liability insurance was in effect is no proof that appellant was unable to respond in damages for liability." *Id.* at 7 and 10.[3] The State, in its response to appellant's petition, concedes that "[a]n ability to respond in damages can ordinarily exist entirely apart from the existence of an insurance policy," State's Brief at 5–6, but it insists nonetheless that the court of appeals' analysis is correct.

■ With rare exceptions, courts must apply penal statutes exactly as they read. *Ex parte Hayward*, 711 S.W.2d 652, 655–656 (Tex.Cr.App.1986); see 1 LaFave & Scott, *Substantive Criminal Law* § 2.2(b)-(d) (1986). "Where the statute is clear and unambiguous the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Ex parte Davis*, 412 S.W.2d 46, 52 (Tex.Cr.App.1967). Sections 1(10) and 1C(a), when read together reasonably, criminalize the failure to maintain *the ability to respond in damages in certain dollar amounts for liability arising from automobile accidents.* In the explicit language of these sections, upon which appellant was entitled to rely, there is no mention of automobile liability insurance, which is simply one method—albeit an obvious one—by which individuals may secure the ability to respond adequately in damages. Sections 1(10) and 1C(a) have comprehensible meaning independent of §§ 1B(a) and 1D, and there is no necessity to examine the latter

in applying the former. We conclude, therefore, that the court of appeals' analysis was in error.

■ We turn finally to the sufficiency of the evidence to support appellant's conviction. The due process clause of the Fourteenth Amendment requires that a conviction be supported by evidence that a rational factfinder could accept as sufficient to prove guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Butler v. State*, 769 S.W.2d 234, 237 (Tex.Cr.App. 1989). As a reviewing court, therefore, we must examine all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). Here, the only evidence possibly relating to appellant's guilt was Soliz' testimony that appellant failed to furnish him with proof of insurance. However, because appellant could have maintained the requisite ability to respond in damages in several ways reasonably available to her, no rational factfinder could have found her guilty beyond a reasonable doubt based solely on Soliz' testimony.[4]

Because the prosecution failed in a fair opportunity to offer whatever proof it could assemble, the double jeopardy clause of the Fifth Amendment prohibits a retrial. Appellant is therefore entitled to a judgment of acquittal. *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978); *Meraz v. State*, 785 S.W.2d 146, 155–156 (Tex.Cr.App.1990).

The judgment of the court of appeals is reversed and the cause remanded to the trial court for rendition of a judgment of acquittal.

---

mobile liability insurance policy or a certificate of self-insurance previously issued to that person that was valid at the time that the offense is alleged to have occurred and the charge shall be dismissed.

**3.** Appellant also argued in her petition that Article 6701h, § 1C(a), is void for vagueness under

the United States and Texas constitutions. We did not grant appellant's petition on that ground, however, and so do not address it.

**4.** We express no opinion as to whether the evidence would have supported a conviction under Article 6701h, §§ 1B(a) and 32(e).

MILLER, J., dissents.

WHITE, J., concurs in result.