**Jackie E. McDANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00175–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1991.

## OPINION

DUNN, Justice.

The trial court found appellant, Jackie E. McDaniel, guilty of the offense of failure to maintain financial responsibility and assessed a fine of $100. Appellant then appealed from the trial court's judgment to the Harris County Criminal Court At Law Number One, which affirmed the trial court's judgment.

On February 7, 1990, Houston Police Officer Mark Smith was sent to investigate an accident in the 8500 block of Hempstead. While investigating the scene of the accident, appellant told Officer Smith that

he had been driving one of the vehicles involved in the automobile accident. Officer Smith asked appellant to produce proof of insurance, but appellant told Officer Smith that he did not have proof of insurance. Officer Smith then issued a citation to appellant for "no insurance." Appellant was charged under former TEX.REV.CIV. STAT.ANN. art. 6701h, § 1C(a)[1] with failure to maintain financial responsibility, which provided that:

> [F]ailure to maintain financial responsibility as defined in Section 1(10) of this Act is a Class C misdemeanor.

Section 1(10) is entitled "Proof of Financial Responsibility" and defines proof of financial responsibility as "[p]roof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle." The section then sets out the amounts that a person must have proof of to respond in damages for liability.

■ In his first point of error, appellant asserts that the evidence was insufficient to sustain his conviction.

In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989).

We find *Coit v. State*, 808 S.W.2d 473 (Tex.Crim.App.1991), to be controlling in this case. In *Coit*, the Court of Criminal Appeals found that where the only evidence possibly relating to the defendant's guilt of failing to maintain financial responsibility was the police officer's testimony that the defendant failed to furnish the officer proof of insurance, no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* at 475. The court found that the defendant could have maintained financial responsibility in ways other than securing automobile

liability insurance. *Id.* The court held that article 6701h, section 1C(a), criminalizes the failure to maintain financial responsibility, which is the failure to maintain the ability to respond in damages in certain dollar amounts for liability arising from automobile accidents. *Id.* The statute does not mention failure to maintain automobile insurance, because it is just one method of securing the ability to respond adequately in damages. *Id.*

Here, as in *Coit*, the only evidence that appellant failed to maintain financial responsibility was the officer's statement that appellant told him appellant did not have proof of automobile liability insurance. There was no proof presented by the State showing that appellant did not maintain financial responsibility.

We note that after the *Coit* opinion was issued, the Texas legislature amended article 6701h, section 1C(a) to provide that a person commits the offense of failure to maintain financial responsibility if "a person operates a motor vehicle in violation of Section 1A of this Act." Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 10.05, 1991 Tex.Gen.Laws 1032 (Vernon) (to be codified at TEX.REV.CIV.STAT.ANN. art. 6701h, § 1C(a)). Section 1A(a) provides that:

> On or after January 1, 1982, no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.

The remaining provisions of section 1A list vehicles that are exempt from section 1A(a).

The statute was amended after appellant was charged with failure to maintain financial responsibility, so the *Coit* opinion properly set out the law in effect at the time of appellant's conviction. Because this case is properly decided under former article 6701h, section 1C(a), we do not decide

---

1. Act of August 31, 1981, 67th Leg., R.S., ch. 800, § 1, 1981 Tex.Gen.Laws 3053, *amended by* Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 10.-05, 1991 Tex.Gen.Laws 1032 (Vernon) (to be codified at TEX.REV.CIV.STAT.ANN. art. 6701h, § 1C(a)).

**916**

whether the evidence would have been sufficient to sustain appellant's conviction under amended article 6701h, section 1C(a).

Appellant's first point of error is sustained.

In his second point of error, appellant asserts that the evidence was insufficient to establish the corpus delicti of the offense of operating a motor vehicle without proof of financial responsibility because the corpus delicti cannot be established by an extrajudicial confession alone.

In his third point of error, appellant contends that his confession should not have been admitted at trial because he was not given *Miranda* warnings, pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Due to our disposition of appellant's first point of error, we do not reach the merits of appellant's second and third points of error.

■ The State failed to offer whatever proof it could assemble at trial, therefore, the double jeopardy clause of the Fifth Amendment prohibits a retrial, and appellant is entitled to a judgment of acquittal. *Meraz v. State*, 785 S.W.2d 146, 155–56 (Tex.Crim.App.1990).

The judgment is reversed, and a judgment of acquittal is rendered.