Jorge L. **SANCHEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–03–00479–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 2004.
Rehearing Overruled June 23, 2004.

Alexander B. Wathen, Kubosh & Associates, Houston, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

### OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Jorge Sanchez, pleaded not guilty to the offense of failure to establish financial responsibility after being stopped for a traffic offense. Following a bench trial, the municipal court found appellant guilty and assessed a $200 fine. The county criminal court subsequently affirmed appellant's appeal from the judgment of the municipal court.[1] In his sole point of error, appellant argues that the evidence was insufficient to support his conviction because he was asked to produce "insurance" rather than "proof of financial responsibility." [2] We reverse and render judgment of acquittal.

### Background

On May 11, 2002, appellant was stopped by Houston Police Officer Richard Gumke for driving without headlights. Appellant was issued a citation for operating the vehicle without auto liability insurance,[3] and the complaint charged appellant with failure to establish financial responsibility.

Officer Gumke was the only witness who testified at trial, and, during the State's direct examination of him, he testified as follows:

Q: And what happened when you initiated a traffic stop?

A: I asked him for his driver's license and insurance.

Q: And did he say anything to you?

A: He didn't understand English, and I asked him in Spanish.

Q: What did you ask him in Spanish?

A: *Aseguranza.*

---

1. One appealing from a municipal court of record must generally appeal to a county criminal court, county criminal court of appeal, or municipal court of appeal. TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp.2003). Therefore, the Harris County criminal court at law had jurisdiction to consider appellant's appeal from the municipal court.

2. We refer to the issue raised in the brief filed by appellant in the county criminal court, which, by statute, constitutes the brief on appeal to this Court. TEX. GOVT.CODE ANN. § 30.00027(b)(1) (Vernon Supp.2003).

3. Appellant was also cited for not having a driver's license and driving without lights, but those citations are not part of this appeal.

Q: What was his reply?

A: He said he didn't have any. He had a Mexican, expired license.

Q: Did you ask him for any other proof of financial responsibility or other documents to show that he has financial responsibility for that vehicle?

A: All I asked—I didn't ask for anything else.

Q: Did he provide any other documents to you—

A: No.

Q: —that would show he had some kind of financial responsibility?

A: No.

Q: Did the defendant show you any kind of CD, or bonds, or documents like that to show financial responsibility for his vehicle?

A: No.

During cross examination, Gumke testified as follows:

Q: You never asked for any bonds or anything like that, did you?

A: No, I didn't. I don't know how to say that in Spanish.

Q: You only said the word *aseguranza?*

A: I asked for insurance.

Q: That only refers to insurance policy?

A: That's what I was told.

Finally, in response to the State's questions on redirect examination, Gumke testified as follows:

Q: Officer, for your asking *aseguranza,* did the witness show you any other documents that would tend to show insurance or financial responsibility?

A: No. He said it wasn't his vehicle.

Q: You understood him when he said it wasn't his vehicle?

A: Yes.

Appellant argued that, because liability insurance is only one form of establishing financial responsibility, the evidence was legally insufficient to support a conviction for failing to establish financial responsibility. The municipal court disagreed and assessed punishment at $200. The county criminal court affirmed the judgment.

### Sufficiency of the Evidence

■ In his sole point of error, appellant argues that the evidence is insufficient because he was asked to produce insurance rather than proof of financial responsibility.

■ In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

Appellant was charged under Chapter 601 of the Texas Transportation Code, the Texas Motor Vehicle Safety Responsibility Act. Transportation Code section 601.051 provides as follows:

A person may not operate a motor vehicle in this state unless financial responsibility is established for that vehicle through:

(1) a motor vehicle liability insurance policy that complies with Subchapter D;

(2) a surety bond filed under Section 601.121;

(3) a deposit under Section 601.122;

(4) a deposit under Section 601.123; or

(5) self-insurance under section 601.124.

TEX. TRANSP. CODE ANN. § 601.051 (Vernon 1999). Section 601.053, set forth below, delineates how to show evidence of financial responsibility.

(a) As a condition of operating in this state a motor vehicle to which Section

601.051 applies, the operator of the vehicle *on request* shall provide to a peace officer ... evidence of financial responsibility by exhibiting:

(1) a motor vehicle liability insurance policy covering the vehicle that satisfies Subchapter D or a photocopy of the policy;

(2) a standard proof of motor vehicle liability insurance form prescribed by the Texas Department of Insurance under Section 601.081 and issued by a liability insurer for the motor vehicle;

(3) an insurance binder that confirms the operator is in compliance with this chapter;

(4) a surety bond certificate issued under Section 601.121;

(5) a certificate of a deposit with the comptroller covering the vehicle issued under Section 601.122;

(6) a copy of a certificate of a deposit with the appropriate county judge covering the vehicle issued under Section 601.123; *or*

(7) a certificate of self-insurance covering the vehicle issued under Section 601.124 or a photocopy of the certificate.

(b) An operator who does not exhibit evidence of financial responsibility under Subsection (a) is presumed to have operated the vehicle in violation of Section 601.051.

TEX. TRANSP. CODE ANN. § 601.053 (Vernon 1999) (emphasis added). Importantly, evidence of financial liability need only be surrendered *upon request.* Furthermore, the lists of forms of evidence of financial responsibility found in sections 601.051 and 601.053 are disjunctive, therefore, "insurance" is not synonymous with "financial responsibility," but is only one of numerous ways to establish it.

Appellant argues that the evidence against him was insufficient for conviction because he was only asked to provide evidence of insurance and not other proof of financial responsibility. Appellant relies on two similar cases, *Coit v. State*, 808 S.W.2d 473 (Tex.Crim.App.1991) and *McDaniel v. State*, 820 S.W.2d 914 (Tex. App.-Houston [1st Dist.] 1991, no pet.), both of which successfully challenged the sufficiency of the evidence when the citing officer failed to request evidence of financial responsibility other than insurance. Although appellant's case is based on a revised version of the law under which *Coit* and *McDaniel* were decided, the reasoning of those cases is applicable here because the challenge to the sufficiency of the evidence is based on the same analysis.

Both *Coit* and *McDaniel* were decided under former Texas Revised Civil Statutes Annotated Article 6701h, section 1C (1981) ("the Act").[4] Former section 1C provided that "failure to maintain financial responsibility as defined in section 1(10) of this Act is a Class C misdemeanor."[5] Former section 1(10) of the Act, entitled "Proof of Financial Responsibility," did not define "financial responsibility" but defined "proof" of financial responsibility as "[p]roof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle."[6]

---

4. Act of May 30, 1981, 67th Leg., R.S., ch. 800, § 1C, 1981 Tex. Gen. Laws 3053, 3054, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871 (*now codified at* TEX. TRANSP. CODE ANN. § 601.191 (Vernon 1999)).

5. *Id.*

6. Act of June 15, 1971, 62nd Leg., R.S., ch. 944, § 1(10), 1971 Tex. Gen. Laws 2866, 2867, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen.

The remainder of the section set the monetary amounts an operator must be able to prove and did not specifically mention insurance.[7] Former section 1C, then, allowed financial responsibility to be established by means other than insurance.

In both *Coit* and *McDaniel*, the convictions were reversed because the State's sole evidence was the officer's testimony that appellant did not have proof of insurance. *Coit*, 808 S.W.2d at 475; *McDaniel*, 820 S.W.2d at 915. *Coit* held that, by proving only lack of insurance, the State did not carry its burden of proving all elements of the offense beyond a reasonable doubt. *Coit*, 808 S.W.2d at 475 (citing *In Re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)).

■ Here, as in *Coit* and *McDaniel*, the only basis for conviction was the officer's testimony that, when requested to provide evidence of insurance, appellant did not provide any. However, section 601.051 does not restrict evidence of financial responsibility to proof of liability insurance. Therefore, no rational factfinder could have found appellant guilty beyond a reasonable doubt based solely on Officer Gumke's testimony.

There was insufficient evidence to convict appellant because the State did not prove that appellant had no surety bond, deposit, or self-insurance as permitted under section 601.051. Therefore, as in *Coit*, the State here failed to prove all elements of the offense beyond a reasonable doubt as required by *In Re Winship*, 397 U.S. at 364, 90 S.Ct. at 1072, because the officer never requested any type of proof of financial responsibility other than insurance.

■ The State argues that appellant's failure to provide proof of insurance created a presumption of guilt under section 601.053(b), which states that "an operator who does not exhibit evidence of financial responsibility under Subsection (a) is presumed to have operated the vehicle in violation of Section 601.051." TEX. TRANSP. CODE ANN. § 601.053(b). Subsection (b) only applies if the peace officer has *requested* the evidence of financial responsibility and the driver failed to produce it. Here, Officer Gumke only requested one of the various forms of establishing financial responsibility. Financial responsibility is not synonymous with insurance. In addition to proof of insurance, evidence of financial responsibility may include surety bonds, certificates of deposit from the comptroller, certificates of deposit from the county judge, or certificates of self-insurance. *See* TEX. TRANSP. CODE ANN. § 601.053(a). Therefore, there is no presumption that appellant did not have financial responsibility.

Because the State failed, in a fair opportunity, to offer whatever proof it could assemble at trial, under the double jeopardy clause of the Fifth Amendment to the U.S. Constitution, a retrial is not permitted. *Coit*, 808 S.W.2d at 475. Appellant is entitled to acquittal. *Id.*

We sustain appellant's sole point of error.

### Conclusion

The judgment of the trial court is reversed, and we render a judgment of acquittal.

---

Laws 1025, 1871 (*now codified at* TEX. TRANSP. CODE ANN. § 601.072 (Vernon 1999)).

**7.** *Id.*