

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

April 25, 2016

The Honorable Jerry D. Rochelle
Bowie County Criminal District Attorney
601 Main Street
Texarkana, Texas 75504

Opinion No. KP-0076

Re: Whether Texas law allows photographic insurance enforcement systems (RQ-0062-KP)

Dear Mr. Rochelle:

You ask whether Texas law allows a "photographic insurance enforcement system."[1] You state that Bowie County has been approached by a company marketing "law enforcement Controlled Automated License Plate Recognition" systems "to identify, evaluate, and cite vehicle owners . . . who are determined to be in a violation of" the Motor Vehicle Safety Responsibility Act (the "Act"), located in chapter 601 of the Transportation Code. Request Letter at 1. You indicate that the company has proposed an agreement whereby the company would provide and install equipment such as cameras and computers to capture images of vehicle license plates. *Id.* You state that under the agreement, the company would evaluate data gathered by the system for indications of "an insurance violation," and a letter would be generated "under the District Attorney's Office to the registered owner of the vehicle advising [of] the fine amount and requesting payment." *Id.* You further state that under the agreement, "the company would receive 50% of the amount collected on a monthly basis." *Id.* You ask if Texas law allows counties to install and utilize such photographic enforcement systems and, if so, whether the district attorney is permitted to send the violation notice and whether "the fee split arrangement [is] permissible." *Id.* at 1–2.

The Act prohibits a person from operating a motor vehicle in this state without establishing financial responsibility for the vehicle. *See* TEX. TRANSP. CODE § 601.051. Maintaining motor vehicle liability insurance for the vehicle is but one of five methods to establish financial responsibility. *Id.* (also authorizing surety bonds, deposits with the state comptroller or a county judge, and self-insurance in certain circumstances); *see also Sanchez v. State*, 137 S.W.3d 860, 862–63 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) (observing that proof of insurance is only one of numerous ways to establish financial responsibility). Operating a vehicle without establishing financial responsibility is a criminal offense. TEX. TRANSP. CODE § 601.191(a). An operator who fails to provide proof of financial responsibility when requested by a peace officer or by a person involved in an accident with the operator is presumed to have violated section

---

[1]Letter from Honorable Jerry D. Rochelle, Bowie Cty. Crim. Dist. Att'y, to Op. Comm., Office of the Tex. Att'y Gen. at 1 (Oct. 20, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

601.051. *Id.* § 601.053(b). The duty to administer and enforce chapter 601 is vested in the Department of Public Safety. *Id.* §§ 601.002, .021.

A county has only those powers expressly granted by the Texas Constitution or Legislature or necessarily implied from the county's express powers. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). The Legislature has granted counties general authority with respect to county roads. *See* TEX. TRANSP. CODE § 251.016. Chapter 251, subchapter E of the Transportation Code authorizes a county to install equipment such as traffic control devices and signage in conjunction with a county's authority to regulate traffic. *See id.* §§ 251.154(d), .155, .156(a), .161. But neither chapter 251 nor any other statute of which we are aware addresses a county's use of automated photographic or similar technology to enforce the state's vehicle financial responsibility laws. In other provisions of the Transportation Code, the Legislature has addressed the use of similar automated technology for other enforcement purposes. For example, chapter 707 of the Transportation Code authorizes local authorities, including counties, to implement a photographic system for red-light enforcement pursuant to specific standards set forth in the chapter. *See id.* §§ 707.001–.019. The chapter allows a local authority to use a photographic traffic signal enforcement system to establish a civil penalty but not a criminal conviction. *Id.* §§ 707.002, .010, .018. The system may be used "only for the purpose of detecting a violation or suspected violation of a traffic-control signal," and it is an offense to use the system to create an image in any other manner or for any other purpose. *Id.* § 707.006(a)–(b) (titled "General Surveillance Prohibited"). In another statute, the Legislature authorizes the use of photographic or automated enforcement technology for the offense of using a toll road without paying the toll. *Id.* §§ 228.054–.059. And section 542.2035 of the Transportation Code prohibits municipalities from using an "automated traffic control system . . . for the purpose of enforcing compliance with posted speed limits." *Id.* § 542.2035(a). The statute defines "automated traffic control system" as:

> a photographic device, radar device, laser device, or other electrical or mechanical device designed to:
>
> (1) record the speed of a motor vehicle; and
>
> (2) obtain one or more photographs or other recorded images of:
>
> > (A) the vehicle;
> >
> > (B) the license plate attached to the vehicle; or
> >
> > (C) the operator of the vehicle.

*Id.* § 542.2035(b); *see also* Tex. Att'y Gen. Op. No. GA-0846 (2011) at 2 n.3 (discussing the common meaning of "automated" and similar terms).

These provisions illustrate that when the Legislature has authorized automated photographic or similar technology for the enforcement of traffic or vehicular laws, it has been specific about the circumstances and permissible uses of the technology. It has enacted no law granting counties authority to utilize an automated photographic insurance enforcement system.

Accordingly, a court is likely to conclude that counties are not authorized to utilize an automated photographic or similar system to enforce the financial responsibility laws in chapter 601 of the Transportation Code. Because we conclude that counties lack the authority to utilize such systems to enforce chapter 601, we do not address your remaining questions.

## S U M M A R Y

A court is likely to conclude that counties are not authorized to utilize an automated photographic or similar system to enforce the financial responsibility laws in chapter 601 of the Transportation Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee