

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-17-00016-CR

RAMON A. CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 3
Tarrant County, Texas
Trial Court No. 1470684R, Honorable Daryl Coffey, Presiding

August 1, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Ramon A. Chavez (appellant) was convicted of continuous family violence and sentenced to three years' imprisonment. *See* TEX. PENAL CODE ANN. § 25.11 (West 2011). His sole point on appeal involves whether the trial court abused its discretion by admitting testimony of an investigating officer who conversed with appellant in Spanish

and later testified about that unrecorded conversation.  Allegedly, the testimony was inadmissible because the officer was not a certified court interpreter.  We will affirm.[1]

*Background*

After a twenty-six year relationship between appellant and Elena G., the couple separated.  The State alleged that on October 23, 2015, appellant assaulted Elena.  Police were summoned, but appellant left before they arrived.  Fort Worth police officer Angelia Arredondo contacted appellant to talk to him about Elena's allegations.  Because appellant spoke only Spanish and because Arredondo also spoke Spanish, the two spoke in Spanish.  During that unrecorded conversation, appellant denied slapping Elena but admitted that he grabbed her and shook her.

On November 13, appellant again confronted Elena.  Elena reported and the State alleged that appellant grabbed her by her throat and smeared mayonnaise on her.  Appellant fled before police arrived, but Arredondo again contacted appellant.  During this unrecorded conversation, which was also in Spanish, appellant denied assaulting Elena but admitted smearing mayonnaise on her hair.

At trial, Arredondo testified to the incriminating statements appellant made during their telephone conversations.  Appellant objected on the basis that she was not a certified court interpreter.  The trial court overruled the objection.

*Discussion: Impact of Article 38.30*

Appellant maintains that article 38.30 of the Texas Code of Criminal Procedure serves as the basis for exclusion of Officer Arredondo's testimony because she was not

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court.  *See* TEX. R. APP. P. 41.3.

2

qualified or certified "to be what was, in effect, a courtroom interpreter." Article 38.30(a) provides as follows:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as are provided for witnesses. In the event that the only available interpreter is not considered to possess adequate interpreting skills for the particular situation or the interpreter is not familiar with use of slang, the person charged or witness may be permitted by the court to nominate another person to act as intermediary between the person charged or witness and the appointed interpreter during the proceedings.

TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West Supp. 2016).

While Arredondo may not have been a certified interpreter, her ability to interpret the Spanish language was developed at trial. The evidence indicated she (1) spoke and wrote Spanish fluently; (2) has spoken Spanish since birth; (3) completed an eight-month Spanish course through the police academy; (4) was certified by the Fort Worth Police Department to act as a "signal 73 translator," that is, an officer who may be dispatched whenever a Spanish-speaking officer is needed at a scene; (5) was familiar with "Tex-Mex," though not familiar with Spanish spoken in Spain; and (6) has translated for the department on many occasions.

The Fort Worth Court of Appeals addressed the argument before us in *Rodriguez v. State*, No. 02-05-00398-CR, 2007 Tex. App. LEXIS 460, at *7–9 (Tex. App.—Fort Worth Jan. 25, 2007, pet. ref'd) (mem. op., not designated for publication), and rejected it.[2] There, Rodriguez "complain[ed] that the trial court erred by allowing testimony from an uncertified police interpreter regarding [Rodriguez]'s allegedly incriminating

---

[2] Appellant did not mention *Rodriguez* in his brief.

statements." *Id.* at *7. "Detective Hernandez interviewed [him] in Spanish and a portion of the interview was tape recorded. The taped portion . . . was translated by a certified court interpreter. The trial court allowed into evidence [Rodriquez]'s statements made to Detective Hernandez before the recorder was turned on." *Id.* The record in *Rodriguez* also illustrated that Detective Hernandez had experience in speaking Spanish similar to that of Arredondo here. This experience and these qualifications swayed the Court to reject Rodriguez's argument, and in doing so it stated the following:

> By its very terms, article 38.30(a) governs the use of interpreters in court proceedings, not police interviews. What [appellant] is proposing would require every bilingual police officer to be a certified interpreter in order to testify to a suspect's incriminating statements or to record every conversation with a non-English speaking suspect. The statute simply does not require this. Had the legislature . . . desired to impose this requirement, it would have done so. "Where the statute is clear and unambiguous[,] the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991) [(en banc)].

*Rodriguez*, 2007 Tex. App. LEXIS 460, at *8.

The appeal before us being transferred from the Fort Worth Court of Appeals, we must apply that court's decision in *Rodriquez* here. The officer need not have been a certified court interpreter as a condition to having her testimony of the unrecorded conversation admitted. Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment of conviction.

Per Curiam

Do not publish.

4