The STATE of Texas, Appellant,

v.

Vincent Edward MANCUSO and Justin
Aaron Greenhaw, Appellees.

Nos. 604–95, 811–95.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 21, 1996.

William K. Goode, Houston, for appellant.

Calvin A. Hartmann, Assist. Dist. Atty., Robert A. Huttash, Houston, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellees were charged with two separate state jail felonies. Each charge was enhanced with two prior felony convictions. Appellees pled guilty to each offense.[1] The trial judge accepted the guilty pleas and, as the provisions of Tex.Penal Code Ann. § 12.35(c) were not applicable, the trial judge assessed punishment at two years confinement in a state jail. Imposition of the sentences was suspended and appellees were placed on community supervision probation for a period of five years. Tex.Code Crim. Proc.Ann. art. 42.12, § 15. The State appealed each case, contending the sentences were illegal. Tex.Code Crim.Proc.Ann. art. 44.01(b). The Court of Appeals affirmed.[2] We granted the State's petitions for discretionary review to determine whether the Court of Appeals erred in holding the trial judge properly sentenced appellees under Tex.Penal Code Ann. § 12.35 and art. 42.12, § 15, rather than Tex.Penal Code Ann. § 12.42(d).[3] We will affirm.

## I.

It is the duty of the Legislature to make laws, and it is the function of the Judiciary to interpret those laws. *See,* Tex. Const. art. II, § 1; *and, Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991). "When we interpret statutes we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin,* 818 S.W.2d at 785; *and, Camacho v. State,* 765 S.W.2d 431 (Tex.Cr.App.1989). Consequently, we focus on the text of the statute and interpret it in a literal manner attempting to discern the fair, objective meaning of the text. *Boykin,* 818 S.W.2d at 785. It is our duty while interpreting the statute to give the ordinary and plain meaning to the language of the Legislature. *Id.; and, Smith v. State,* 789 S.W.2d 590, 592 (Tex.Cr. App.1990). "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State,* 808

---

1. Mancuso was charged with the state jail felony of burglary of a building with the intent to commit theft alleged to have occurred on November 23, 1994. The information alleged two prior felony convictions for theft, neither of which fell under art. 42.12(3)(g) nor alleged affirmative findings of a deadly weapon. Mancuso pled guilty to the alleged offense and "true" to the enhancement paragraphs. The trial judge admonished appellee as to the range of punishment for a state jail felony, over the State's objection. Tex.Penal Code Ann. § 12.35(a). The trial judge found appellant guilty and the enhancement allegations "true" and assessed punishment at two years confinement in a state jail facility, probated for five years with a condition that Mancuso serve one year in state jail. The State unsuccessfully sought to have appellant punished as an habitual offender under Tex.Penal Code Ann. § 12.42(d).

   Greenhaw was charged with the state jail felony of theft of property, valued at more than $1,500 but less than $20,000.00, alleged to have occurred on November 14, 1994. The indictment alleged prior felony convictions for delivery of a controlled substance and burglary of a building, neither of which fell under § 42.12(3)(g) offense nor alleged affirmative findings of a deadly weapon. Appellee pled guilty to the alleged offense and "true" to the enhancement

paragraphs. The trial judge found appellant guilty and the enhancement allegations "true" and assessed punishment at two years confinement in a state jail facility, probated for five years with a condition that Greenhaw serve one year in state jail. § 12.35(a). The State unsuccessfully sought to have appellant punished as an habitual offender under § 12.42(d).

2. *State v. Mancuso,* 903 S.W.2d 386 (Tex.App.— Houston [1st Dist.] 1995); *and, State v. Greenhaw,* No. 01–95–00150–CR, 1995 WL 348238 (Tex.App.—Houston [1st Dist.] June 8, 1995) (not published).

3. The sole ground for review in *Mancuso* states:

   The court of appeals erred in its statutory construction by concluding that the trial court was required to sentence Respondent under the terms of the community supervision law rather than the terms of the habitual offender law.

   The sole ground for review in *Greenhaw* states:
   The court of appeals erred by holding that the trial court properly punished appellant pursuant to the state jail punishment provision, rather than the habitual offender punishment provision.

S.W.2d 473, 475 (Tex.Cr.App.1991). Only when the application of a statute's plain language is ambiguous or would lead to absurd consequences which the Legislature could not possibly have intended, should we look to extratextual factors. Tex.Gov't Code Ann. § 311.023 (Vernon 1995). *See, Boykin*, 818 S.W.2d at 785; *and, Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Cr.App.1980). These extratextual factors include, but are not limited to executive and/or administrative interpretations, consequences of construction, goal of legislation, circumstances under which the statute was enacted and legislative history. Tex.Gov't Code Ann. § 311.023; *and, Boykin*, 818 S.W.2d at 786. This exception to the general rule is not intended to, nor should it, intrude upon the lawmaking powers of the legislative branch and it should not be construed as an invasion of legislative authority. Failing an absurd consequence or ambiguous language this Court need not delve into the extratextual factors affecting a statute. *Id.*

Moreover, it is presumed in the enactment of a statute that the entire statute and all words in the statute are intended to be effective, and the language therein will create a just and reasonable result. *See*, Gov't Code § 311.021 (Vernon 1995). If a general provision conflicts with a specific provision, the provisions shall be construed, if possible, so that effect is given to both. Gov't Code § 311.026(a); *Dillehey v. State*, 815 S.W.2d 623, 632 (Tex.Cr.App.1991); *and, Cheney v. State*, 755 S.W.2d 123, 126 (Tex.Cr.App.1988). If the statutes are unable to be reconciled, the specific statute will prevail as an exception to the general statute, unless the general statute is the later enactment and the manifest intent is that the general provision prevail. Gov't Code § 311.026(b).

## II.

■■■■ With the foregoing in mind, we turn our attention to the enactment of the relevant state jail felony laws, namely Tex.Penal Code Ann. §§ 12.35 and 12.42 and Tex.Code Crim.Proc.Ann. art. 42.12, § 15.[4] Section § 12.35 provides:

(a) *Except as provided by Subsection (c),* an individual adjudged guilty of a state jail felony *shall* be punished by confinement in a state jail for any term of not more than two years or less than 180 days.[5]

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony *shall* be punished for a third degree felony *if* it is shown on the trial of the offense that:

(1) a deadly weapon ... was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense ...; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

The mandatory language of subsection (a) governs all state jail felonies. The only exception to subsection (a) is subsection (c) which specifically provides for situations where a state jail felony *shall* be punished as a third degree felony. Consequently, under the plain language of § 12.35, in *all* non-subsection (c) situations the defendant shall be punished under subsections (a) and (b). In this latter context Tex.Code Crim.Proc. Ann. art. 42.12, § 15 comes into play and provides in pertinent part:

(a) On conviction of a state jail felony, the judge *shall* suspend the imposition of

---

4. These enactments and amendments were only a part of the major revisions to the 1973 Penal Code under Senate Bill 1067 commonly referred to as the Penal Code Revision Bill. The Bill was passed by the 73rd Legislature and, in relevant part, became effective September 1, 1994, prior to the commission of the instant offenses. *See*, n. 1, *supra*.

5. All emphasis is supplied unless otherwise indicated.

the sentence of confinement and place the defendant on community supervision....

\*   \*   \*   \*   \*   \*

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed ... one year if the defendant ... *previously has been convicted of two or more felonies.*

Art. 42.12, § 15, commonly known as the community supervision law, *specifically* provides for the enhancement of punishment for offenses under § 12.35(a) when there are two or more prior felony convictions.

The 73rd Legislature revised the repeat and habitual offender statute, § 12.42, to provide, in pertinent part, as follows:

(a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

\*   \*   \*   \*   \*   \*

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

The State argues that 12.42(d) encompasses all felonies, including State jail felonies. Consequently, the State contends § 12.42(d) applies to the instant cases and the Court of Appeals erred in holding the trial court was required to sentence appellees under § 12.35 and art. 42.12, § 15. For the following reasons, we disagree.

### III.

Prior to the 73rd Legislature, there were four classes of felonies: capital felonies, and felonies of the first, second and third degree. However, the 73rd Legislature created a new class of felony, the state jail felony. In connection with the creation of state jail felonies, the Legislature enacted § 12.35 and art. 42.12 § 15 and amended § 12.42(a). These statutes deal specifically with state jail felonies and prescribe the range of punishment therefor. Under § 12.35(a) and (b), the range of punishment for a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000.00. Under art. 42.12, § 15(a), that sentence must be suspended and the defendant placed on community supervision probation. Art. 42.12, § 15(d) deals specifically with state jail felonies committed by one who has two or more prior felony convictions and provides that the trial judge may impose as a condition of community supervision probation a term of confinement in a state jail facility for a term not to exceed one year. Art. 42.12, § 15(d) controls the specific circumstances presented by the instant cases. Consequently, we hold the Court of Appeals correctly held the trial judge's assessment of punishment in these cases was proper, i.e., legal.[6]

---

**6.** We note that this holding is consistent with the legislative history. On April 20, 1993, prior to voting on Senate Bill 1067, which created the state jail felony offense and punishment laws, Senator Armbrister, questioned Senator Whitmire, author of S.B. 1067, regarding the proposed punishment range for habitual offenders who commit state jail felonies:

SENATOR ARMBRISTER: .... could you go with us just briefly what the effect on the old habitual criminal would be, he's got two priors and then he commits one of these which is now a state, can that still be used for enhance-

ment for a third time loser or habitual. How's that going to be handled?

SENATOR WHITMIRE: The fourth degree or the state jail felon will remain a state jail felon as long as he or she is committing state jail felonies. If you've committed a (3)g offense previously, you're not eligible for a state jail.

SENATOR ARMBRISTER: Okay.

SENATOR WHITMIRE: Or if you commit a state jail offense with a weapon you're not eligible, those two will enhance you. *Otherwise, as long as you're in the loop so to speak in committing state jail felonies, you will remain a candidate for the state jail.*

By the same token, we hold that under the law in effect at the time of the commission of the instant offenses, the only way a defendant's punishment could be enhanced under the provisions of § 12.42 was if the defendant committed a state jail felony under the circumstances described in § 12.35(c) which mandates the defendant shall be punished for a third degree felony. For example, had appellees used or exhibited a deadly weapon while committing their state jail felonies, such conduct would have been punished as a third degree felony. That third degree felony offense could have been properly enhanced under § 12.42(a). However, the instant cases do not impact either § 12.35(c)(1) or (2).

Therefore, we hold the Court of Appeals correctly held that the instant state jail felonies could not be enhanced under § 12.42(d).[7] The judgments of the Court of Appeals are affirmed.

WHITE, J., dissents.

McCORMICK, Presiding Judge, dissenting on State's Petition for Discretionary Review.

I dissent to the majority's holding that "the instant jail felonies could not be enhanced under [V.T.C.A., Penal Code, Section] 12.42(d)."

These cases require this Court to interpret several statutory provisions—the state jail felony law in V.T.C.A., Penal Code, Section 12.35(a), the community supervision law in Article 42.12, Section 15, V.A.C.C.P., and the habitual offender law in Section 12.42(d). The 1993 Legislature enacted Section 12.35(a) and Article 42.12, Section 15, as part of the overall revision of the 1973 Penal

(Tape 1, side 1).

**7.** As we conclude, we pause to note that the Legislature has amended § 12.42(a) and (d) and art. 42.12, § 15(a) and (d) to eliminate any confusion in the application of §§ 12.35, 12.42 and art. 42.12, § 15.

**1.** The majority opinion sets out the relevant text of these statutes. It also should be noted the 1995 Legislature amended Section 12.42 and Article 42.12, Section 15, with the amendments becoming effective January 1, 1996. See Acts 1995, 74th Leg., ch. 318, Section 1; Acts 1995, 74th Leg., ch. 256, Section 7. Effective January

Code. See *State v. Mancuso,* 903 S.W.2d 386, 387 (Tex.App.—Houston [1st Dist.] 1995). The 1993 Legislature also revised V.T.C.A., Penal Code, Section 12.42. See *id.* Section 12.35(a) and the community supervision law in Article 42.12, Section 15, were enacted primarily to ease prison overcrowding.

Section 12.35(a), in relevant part, provides that a defendant convicted of a state jail felony shall be punished by confinement in a state jail for not more than two years or less than 180 days. However, Article 42.12, Section 15(a), requires the trial court to suspend imposition of the foregoing sentence and to place the defendant on community supervision. Except, Article 42.12, Section 15(d), provides a trial court with discretion to require the defendant, as a condition of community supervision, to serve up to one year jail time in a state jail facility if the defendant "previously has been convicted of two or more felonies." Article 42.12, Section 15(d), expressly provides that "a defendant previously has been convicted of a felony regardless of whether the sentence for the previous conviction was actually imposed or was probated and suspended." The habitual offender law in Section 12.42(d) provides for imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years, if it is shown on the trial for "a felony offense" that the defendant "has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final."[1] A "state jail felony" is expressly classified as a "felony" in V.T.C.A., Penal Code, Section 12.04. See

1, 1996, Section 12.42(a)(2) provides that a defendant adjudged guilty of a state jail felony punishable under Section 12.35(a) *shall be punished for a second-degree felony if it is shown "the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final."* (Emphasis Supplied). And, effective January 1, 1996, Section 12.42(d) expressly excepts from its operation "a state jail felony punishable under Section 12.35(a)."

also V.T.C.A., Penal Code, Section 1.07(23) (definition of "felony").

The issue in these cases is whether an habitual offender convicted of a state jail felony may have his sentence enhanced under Section 12.42(d) of the Texas Penal Code. Or, are habitual offenders convicted of state jail felonies, like those here, always required to be sentenced under Section 12.35(a) and Article 42.12, Section 15? The State argues that if it can prove a defendant is an habitual offender, then the "plain" language of Section 12.42(d) requires the defendant to be sentenced as an habitual offender.

When interpreting statutes, our duty as judges is to give effect to the collective intent of those who enacted the statutes at the time of their enactment. See *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991). We are not required to "strictly construe" the applicable statutory provisions; instead, we are required to "liberally" construe them "according to the fair import of their terms, to promote justice and effect the objectives of the code." See V.T.C.A., Penal Code, Section 1.05; Article 1.03, V.A.C.C.P., *Stine v. State,* 908 S.W.2d 429, 435 fn. 4 (Tex.Cr.App. 1995) (McCormick, P.J., dissenting). In interpreting the applicable statutes here, we presume the Legislature intended for the entire statutory scheme to be effective. See Tex.Gov't Code, Section 311.021(2); *Mancuso,* 903 S.W.2d at 387. If possible, we should interpret the applicable statutes so that effect may be given to each and avoid any interpretation that would render any parts of the statutes irreconcilable or meaningless. See *Mancuso,* 903 S.W.2d at 387. We should strive to give effect to all the provisions to make them stand together and have concurrent efficacy. See *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Cr.App.1988).

To resolve these cases, the majority apparently relies on the applicability of the doctrine of *in pari materia* which is a rule of statutory interpretation. But see *State v. Perry,* 912 S.W.2d 244 (Tex.App.—Houston [14th Dist.] 1995, pet. filed October 27, 1995) (concluding that the relevant statutes are not *in pari materia* ); see also *Cheney,* 755

S.W.2d at 126–27. My understanding of how this doctrine is applied is that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being *in pari materia.* See *id.* If possible, effect should be given to all the provisions of each act so they can be made to stand together. See *id.* However, where a general statute and a more detailed enactment irreconcilably conflict, the latter will control, regardless of whether it was passed prior or subsequently to the general statute, unless it appears the Legislature intended to make the general act controlling. See *id;* see also Tex.Gov't Code, Section 311.026.

This rule is not applicable to irreconcilable enactments that cover different situations and that were apparently not intended to be considered together—i.e., irreconcilable enactments not *in pari materia.* See *id.* If statutes are not found to be *in pari materia,* analysis should still focus on whether effect can be given to all the provisions of each statute. When two irreconcilable statutes not *in pari materia* are at issue, other rules of statutory construction will dictate which statute controls. See *id;* see also Texas Government Code, Section 311.025.

Therefore, the threshold determination is whether the statutes in question irreconcilably conflict or whether they can be harmonized. If they can be harmonized to stand together and have concurrent efficacy, then the analysis ends. If they irreconcilably conflict, then the applicable rule of statutory construction to determine which statute controls will depend on whether the statutes are *in pari materia.* See *Cheney,* 755 S.W.2d at 126–27; compare Texas Government Code, Section 311.025 *with* Texas Government Code, Section 311.026.

The basis of the majority's opinion seems to be that Article 42.12, Section 15(d), and Section 12.42(d) are irreconcilable; therefore, the specific provisions of Article 42.12, Section 15(d), will control over the general provisions of Section 12.42(d).[2] See Texas Gov-

---

**2.** The majority opinion states:

"Art. 42.12, [section] 15(d), deals specifically with state jail felonies committed by one who

ernment Code, Section 311.026; *Mancuso,* 903 S.W.2d at 387–88. As I understand the majority opinion, if the sentence of an habitual offender convicted of a state jail felony can be enhanced under Section 12.42(d), then that would nullify Article 42.12, Section 15(d). In other words, the sentence of an habitual offender convicted of a state jail felony would *always* be enhanced under Section 12.42(d) making the provisions of Article 42.12, Section 15(d), meaningless.

However, I agree with the Fourteenth Court of Appeals that Article 42.12, Section 15(d), and Section 12.42(d) do not conflict and that Article 42.12, Section 15, "applies *only* to convicted state jail felons whose sentence has been assessed within the punishment range specified in [Section] 12.35(a)." See *Perry,* 912 S.W.2d at 250. Where the State has "indicted and proven" that a defendant is an habitual offender as defined in Section 12.42(d), punishment must be assessed in accordance with that statute and Section 12.35(a) and Article 42.12, Section 15, have no application. See *id.*

In addition, this interpretation does not make Article 42.12, Section 15(d), and Section 12.42(d) irreconcilable or render Article 42.12, Section 15(d), meaningless. In its brief, the State claims Section 12.42(d) and Article 42.12, Section 15(d), "can live in harmony." The State claims:

"Furthermore, applying section 12.42(d) to habitual state jail felons does not offend article 42.12, [section] 15(d). Section 12.42(d) provides for the enhancement of punishment for felony offenses. To use prior felony convictions for enhancement, the State must provide notice to the defendant. Furthermore, the prior convictions must be alleged in the proper sequence;

has two or more prior felony convictions and provides that the trial judge may impose as a condition of community supervision probation a term of confinement in a state jail facility for a term not to exceed one year. Art. 42.12, [section] 15(d) controls the specific circumstances presented by the instant cases."

**3.** Unlike Section 12.42(d), Article 42.12, Section 15(d), expressly provides that "a defendant previously has been convicted of a felony regardless of whether the sentence for the previous conviction was actually imposed or was probated and suspended." Therefore, the State appears to be

that is, the second previous felony conviction must be for an offense that occurred subsequent to the first previous conviction becoming final.

"However, article 42.12, [section] 15(d) merely provides for a defendant to serve up-front time in the state jail as a condition of the state jail community supervision. This is done by showing that the defendant has previous felony offenses. The defendant's sentence, which has been suspended, is in no way affected by this condition on his community supervision. The State is not required to provide notice of its intent to use the prior felony or felonies. Moreover, there is no sequencing requirement and no requirement of finality. In fact, the prior convictions could have occurred on the same day, and could still be pending on appeal. In addition, unlike section 12.42(d), a prior felony may be used under article 42.12, [section] 15(d) even if the sentence for that conviction was probated and suspended.

"Therefore, it is clear that article 42.12, [section] 15(d) and section 12.42(d) are to be used in very different circumstances. Section 12.42(d) is to be used only where the State provides notice to the defendant that it will prove he has two prior final felony convictions, which are properly sequenced. Section 42.12, [section] 15(d) applies when the State shows only that a defendant has previously been convicted of one or more felony offenses, and he either served out his sentence or was placed on community supervision. *Because these provisions can be used in harmony, it is not necessary to find that one trumps the other.*" (Emphasis Supplied).[3]

correct in arguing that Article 42.12, Section 15(d), and Section 12.42(d) "are to be used in very different circumstances." Accord *Perry, 912* S.W.2d at 247:

"Section 12.42(d), when read in conjunction with [Section] 12.42(e), applies only to those persons who have been finally convicted of two prior non-state jail felonies, where the second offense was committed subsequent to the first conviction having become final. On the other hand, article 42.12 [section] 15(d) applies regardless of when, or if, the sentence was actually imposed, was probated, or was for a previous state jail or non-state jail felony."

The majority opinion does not address these contentions. And, I find these contentions persuasive since they show how Section 12.42(d) and Article 42.12, Section 15(d), can be harmonized and have concurrent efficacy. This Court can and should give effect to the "plain," objective meaning of both statutes. See *Boykin*, 818 S.W.2d at 785. In addition, the State's interpretation of how and when these provisions apply do not conflict with any of the other provisions of Sections 12.35, 12.42 or Article 42.12, Section 15. And, this interpretation is consistent with the purposes of the community supervision law of easing the prison overcrowding problem and with the stated purposes of the code. See V.T.C.A., Penal Code, Section 1.02; Article 1.03.

Under the State's interpretation of the relevant statutory provisions, a state jail felon, who does not fall under V.T.C.A., Penal Code, Section 12.35(c), with no prior felony convictions will receive community supervision under Article 42.12, Section 15(a). The same defendant, who "previously has been convicted of two or more felonies," will still receive community supervision under Article 42.12, Section 15(a), but the trial court will have discretion to impose up to a year of incarceration in a state jail "as a condition of community supervision" pursuant to Article 42.12, Section 15(d). However, the same defendant, who "has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final," will be sentenced under Section 12.42(d). All of these statutory provisions can stand together and have concurrent efficacy. Therefore, it is unnecessary to apply any rule of statutory

construction to "find that one [of these statutory provisions] trumps the other."

Appellees argue it is not "plain" from the face of Section 12.42(d) that the Texas Legislature intended for it to apply to state jail felonies. They further argue that extratextual sources clarify the ambiguity in Section 12.42(d) by making it plain that the Legislature did not intend for it to apply to state jail felonies. They support these contentions with a discussion of the legislative history of the applicable statutes. However, this Court has rejected this sort of approach to statutory interpretation when, as here, the "plain" language of the statutes can be given effect without leading to "absurd" consequences. See *Boykin*, 818 S.W.2d at 785–86; but see *Boykin*, 818 S.W.2d at 789 (Miller, J., dissenting) (ambiguity in a statute often is not apparent until the legislative history is researched and the true legislative intent is discerned); *Garcia v. State*, 829 S.W.2d 796, 801 fn. 1 (Tex.Cr.App.1992) (Miller, J., concurring).

The appellees also argue the State's interpretation of the applicable statutes leads to absurd consequences. They argue:

"In closing, it is interesting to say the least that under the State's proposed construction of section 12.42(d), an habitual offender with a prior '3g' felony conviction could be assessed from 2–20 years in prison under section 12.42(a) after being subjected to the built-in enhancements of section 12.35(c)[4] and 12.42(a).[5] (Citation Omitted).

"Meanwhile, an habitual offender such as appellee[s], whose two prior felonies were non-violent (at least as far as section 12.35(c) is concerned) could be assessed

4. V.T.C.A., Penal Code, Section 12.35(c), in relevant part, provides that a defendant convicted of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that the defendant, either as a principal or as a party, used or exhibited a deadly weapon during the offense, or the defendant has previously been convicted of a "3g" offense. See Article 42.12, Section 3g(a)(1), V.A.C.C.P. Under the State's interpretation of Section 12.42(d), the provisions of Section 12.35(c) are not applicable if the State can prove "the defendant has previously been finally convicted of two felony of-

fenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final."

5. V.T.C.A., Penal Code, Section 12.42(a) provides:

"If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony."

from 25 years to life in prison. (Citation Omitted).

"This is absurd. It is presumed that a just and reasonable result is intended in enacting a statute. (Citation Omitted).

"Moreover, in construing a statute a court may consider the consequences of a particular construction. (Citation Omitted).

"The State's construction of section 12.42(d) would lead to the illogical result that violent habitual offenders would be eligible to receive a maximum punishment which is less than the minimum punishment for non-violent habitual offenders."

However, under the State's interpretation of Section 12.42(d), "an habitual offender [convicted of a state jail felony] with a prior '3g' felony conviction," will be sentenced as an habitual offender under Section 12.42(d) and not under the provisions of Sections 12.35(c) or 12.42(a). Therefore, the State's construction of Section 12.42(d) does not lead to the absurd results envisioned by the appellees.

Because the majority holds the Legislature did not intend for state jail felonies to be enhanced under Section 12.42(d), I dissent.

MEYERS, J., joins this dissent.

MANSFIELD, Judge, dissenting on State's Petition for Discretionary Review.

I join the dissenting opinion of the Presiding Judge and write separately to explain my disagreements with the majority opinion.

The 1993 Legislature enacted Texas Penal Code Section 12.35, revised Section 12.42, and added Section 15 to Texas Code of Criminal Procedure Article 42.12, creating a new category of crime—the state jail felony—and a punishment range for same. The effective date of those sections is September 1, 1994. Many offenses (e.g., possession of less than one gram of cocaine) that, if committed prior to September 1, 1994, were third degree felonies, were reclassified as state jail felonies. Except as provided for in Section 12.35(c), the maximum term of confinement upon conviction of an unenhanced state jail felony is two years in a state jail; the maximum term of confinement upon conviction of an unenhanced third degree felony is ten years in TDCJ—Institutional Division.

The 1993 Legislature did not, however, make any change to Section 12.42(d), generally known as the habitual offender statute. Section 12.42(d), in its entirety, provides:

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous offense having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

The Legislature, given the plain language of section 12.42(d), did not exempt an individual charged with a state jail felony, with two prior felony convictions, from also being charged as an habitual offender. Indeed, to hold, as the majority does, the Legislature intended to do so, in my opinion, disregards Section 12.42(e) enacted effective September 1, 1995. Section 12.42(e) provides:

(e) A previous conviction for a state jail felony may be used for enhancement purposes under this section only if the defendant was punished for the offense under Section 12.35(c).

The Legislature's intent was to limit, for enhancement purposes under the habitual offender statute, the use of prior state jail felonies to those described in Section 12.35(c), i.e., those in which an affirmative finding of use of a deadly weapon has been made or where the defendant has been previously convicted of an offense described in Art. 42.12, § 3(g)(a)(1) or § 3(g)(a)(2). This is consistent with the Legislature's intent to treat more harshly violent state jail felons and less harshly those convicted of nonviolent state jail felonies. Sections 12.42(d) and (e), therefore, provide for treating individuals such as appellants, with two or more prior non-state jail felony convictions (as well as prior convictions for state jail felonies punished under Section 12.35(c)), to be punished as habitual offenders upon conviction of a subsequent state jail felony (or any felony)

provided the state jail felony was committed prior to January 1, 1996.

The 1995 Legislature made significant changes to Section 12.42. First, Section 12.42(d), now Section 12.42(d)(1), was amended to bar its application to an individual charged with a state jail felony punishable under Section 12.35(a). Second, a previous conviction for a state jail felony punished under Section 12.35(a) cannot be used for enhancement purposes under Sections 12.42(b), 12.42(c), or 12.42(d)(1) per Section 12.42(e) as amended effective January 1, 1996. Third, new Sections 12.42(a)(1) and (a)(2) describe the enhancements applicable to an individual convicted of a state jail felony punished under 12.35(a) who has prior convictions for one or more felonies, including state jail felonies. Fourth, new Section 12.42(a)(3) establishes a separate enhancement for an individual convicted of a state jail felony under 12.35(c) who has a prior felony conviction.

The changes to Section 12.42 described above are effective January 1, 1996.

Appellants in the present case were charged by indictment with state jail felonies punishable under Section 12.35(a); the offenses were committed prior to January 1, 1996 in each case. Both appellants had two prior final felony convictions, none of which were state jail felonies. Both appellants pled guilty to the charged offenses, and both appellants pled "true" to the enhancement paragraphs in the indictments regarding the prior felony convictions, which were alleged to have been committed in the proper sequential order per Section 12.42(d).

Under the plain language of Sections 12.42(d) and (e) then in effect, appellants were habitual offenders and were subject to be sentenced as such. Had the Legislature intended a different result, it would have amended Section 12.42(d). Further evidence of legislative intent that state jail felons with two or more prior non-state jail felony convictions be subject to punishment as habitual offenders is shown by the Legislature's enactment of 12.42(e). Section 12.42(e) exempts only *nonviolent* state jail felonies described in Section 12.35(a) from being used for enhancement purposes under Section 12.42(d), meaning that *any* felon with two or more prior felony convictions, including convictions for section 12.35(c) "violent" state jail felonies, may be punished as habitual offenders. Where the intent of the Legislature is clear, we should not go beyond the plain meaning of the statute. *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991).[1]

Because the State did provide proper notice in the indictments that it intended to prosecute appellants as habitual offenders, the applicable statute is Section 12.42(d), not Art. 42, § 15 which properly applies only to state jail felons sentenced in accordance with Section 12.35(a). As the Presiding Judge demonstrates in his dissent, Art. 42.12, § 15 and § 12.42(d) do not conflict; they apply to different circumstances as follows:

(1) Defendant convicted of a state jail felony punished under Section 12.35(a), no prior convictions: Article 42.12, § 15(a) applies and he will receive community supervision.

(2) Defendant convicted of a state jail felony, with two or more prior felony convictions (assuming enhancement is not sought under Section 12.42(a)(2)), punished under Section 12.35(a): still receives community supervision under Article 42.12, § 15(a) but may be sentenced to up to one year of incarceration in a state jail at the trial court's discretion under Article 42.12, § 15(d).

(3) Any defendant (except as of January 1, 1996 a defendant charged with a state jail felony punished under Section 12.35(a)) with at least two final felony convictions and the convictions occurred in the sequential order described in Section 12.42(d) and the convictions and proper sequential order are alleged in the indictment and proven by the State at trial: Section 12.42(d) applies and he is subject to sentencing as an habitual offender.[2]

---

1. I note that had appellants committed the present offenses on or after January 1, 1996, they could have been punished for a second degree felony under Section 12.42(a)(2), the term of imprisonment for which is two to twenty years in the penitentiary. Tex.Penal Code § 12.33.

2. The Fourteenth Court of Appeals came to the same conclusion, in effect, in *State v. Perry*, 912

As described in the preceding paragraph, the habitual offender statute places on the State a higher burden of pleading and proof before the defendant may be sentenced as an habitual offender. Should the State elect not to pursue this avenue or if it fails to meet its burden of pleading and proof, a defendant convicted of a *state* jail felony, committed before January 1, 1996 and punishable under Section 12.35(a), will be sentenced under Art. 42.12, § 15, even if he has been convicted of two or more prior non-state jail felonies.

The First Court of Appeals affirmed the judgment and sentence of the trial court on the ground that Section 12.42(d) is not applicable to defendants such as appellants convicted of state jail felonies committed before January 1, 1996. Because I believe the First Court of Appeals erred, I would reverse.

I respectfully dissent.

S.W.2d 244 (Tex.App.—Houston [14th] 1995), finding that a defendant convicted of a state jail felony who has two or more prior felony (other than state jail felony) convictions may be sentenced as an habitual offender *provided* the State gives notice of its intent to prosecute the defendant as an habitual offender in the indictment and pleads and proves defendant was convicted of two (or more) felonies and the convictions became final in the proper sequential order as provided in Section 12.42(d). As the Court of Appeals held, "Defendants who are not enhanced pursuant to the specific requirements of 12.42(d) still fall within the Art. 42.12, § 15 restrictions. Nor does our interpretation of the statute lead to 'absurd consequences that the legislature could not possibly have intended,' as argued by appellees. We find nothing remotely absurd about a legislative intent to punish habitual ex-convicts more severely than first offenders." *Perry, supra,* at 253.