**The STATE of Texas, Appellant,**

v.

**Jerry HARRIS, Appellee.**

**No. 01–95–01387–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 28, 1996.

John B. Holmes, Calvin Hartmann, Houston, for appellant.

Enid Williams, Houston, for appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

### OPINION

TAFT, Justice.

Appellee, Jerry Harris, was convicted of a state jail felony enhanced by two prior felony convictions. The State appeals, claiming the sentence was unlawful because the trial court should have sentenced appellee as an habitual offender pursuant to section 12.42(d) of the Penal Code. This appeal requires us to examine whether section 12.42(d) controls when the trial court sentenced appellee to a class A misdemeanor pursuant to section 12.44(a) of the Penal Code. We hold that it does not.

### Facts

Appellee was charged by felony indictment with the primary offense of delivery of cocaine weighing less than one gram by aggregate weight. The indictment contained two enhancement paragraphs alleging that appellee had two prior felony convictions, both for possession of cocaine. Appellee entered a plea of guilty to the primary offense and a plea of true to both enhancement paragraphs. The trial court convicted appellee of the primary offense and assessed punishment at 180 days in jail pursuant to section 12.44(a) of the Penal Code. *See* TEX. PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996).[1]

---

1. The date of the commission of the primary offense is crucial to determining the range of punishment. Prior to September 1, 1995, section 12.44(a) provided for punishment as a class B misdemeanor for a state felony conviction. Effective September 1, 1995, section 12.44(a) provides for punishment as a class A misdemeanor for a state felony conviction. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.44(a), 1993 Tex.Gen.Laws 3586, 3605 (former TEX. PENAL CODE ANN. § 12.44(a)), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318,

## Enhancement of State Jail Felonies

In its sole point of error, the State claims that the sentence imposed by the trial court is illegal. *See* TEX.CODE CRIM.P.ANN. art. 44.01(b) (Vernon Supp.1996) (allowing State to appeal sentence on ground it is illegal). More specifically, the State contends that section 12.42(d) of the Penal Code (the enhancement provision for habitual offenders) applies when, as in this case, an individual (1) is charged and convicted of a state jail felony (primary offense) in which no deadly weapon was used and (2) has been twice previously convicted of felony offenses (enhancement offenses) which are not state jail offenses and each enhancement offense occurred prior to the primary offense in sequential order. We disagree.

In *State v. Mancuso*, 919 S.W.2d 86 (Tex. Crim.App.1996), the Court of Criminal Appeals affirmed this Court's decision that a defendant charged with a state jail felony enhanced by two prior felony convictions is subject to punishment under former TEX. PENAL CODE ANN. § 12.35(a)[2] and TEX. CODE CRIM.P.ANN. art. 42.12 § 15 (Vernon Supp. 1996). The Court of Criminal Appeals upheld this Court's rejection of the State's argument that TEX. PENAL CODE ANN. § 12.42(d)[3] required sentencing as an habitual offender.

*Mancuso* involved two mandatory sentencing provisions. In this case, we are faced with a mandatory provision, section 12.42(d), and a permissive provision, section 12.44(a) (which begins, "A court *may* punish a defen-

dant. . . .") (emphasis added). If both the mandatory and permissive provisions were applicable, it is reasonable that the mandatory provision would take precedence.

However, in *State v. Warner*, 915 S.W.2d 873 (Tex.App.—Houston [1st Dist.], 1995, pet. filed), this Court held that section 12.42(d) does not apply to state jail felonies. Thus, the reasoning of *Warner* is applicable to this case. Accordingly, for the reasons outlined in *Warner*, we hold that the trial court did not err by sentencing appellant pursuant to section 12.44(a) rather than section 12.42(d). We overrule the State's sole point of error and affirm the trial court's judgment.

sec. 3, § 12.44(a), 1995 Tex.Gen.Laws 2734, 2735 (TEX. PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996)). The present offense was committed *after* September 1, 1995; thus, it was proper for the trial court to assess appellant's punishment as a class A misdemeanor.

**2.** *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.35(a), 1993 Tex.Gen.Laws 3586, 3603.

**3.** *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.42(d), 1993 Tex.Gen.Laws 3586, 3603 (former TEX. PENAL CODE ANN. § 12.42(d)) ("If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on convic-

tion he shall be punished in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 1, § 12.42(d), 1995 Tex.Gen.Laws 2734, 2734 (TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1996)) ("If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.") (Emphasis added).