NO. 07-01-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2001

_____


GUS R. BRAZEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435337; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of guilty, appellant Gus R. Brazeal was convicted by the trial court for failure to register as a sex offender, enhanced to a third degree felony, and punishment was assessed at five years confinement. By four points of error, appellant challenges his conviction contending (1) the trial court erred by overruling his motion to quash the indictment in violation of the Code of Criminal Procedure, (2) the trial court erred

in overruling his motion to quash the indictment because it failed to notify him of the exact nature and cause of the accusations against him in violation of the Texas Constitution, (3) section 62.04 of the Code of Criminal Procedure is void for vagueness in violation of the Fourteenth Amendment to the United States Constitution, and (4) his sentence is fundamentally erroneous under the Eighth Amendment prohibition against cruel and unusual punishment because it was disproportionate to the gravity of the offense. Based upon the rationale expressed herein, we affirm.

On April 14, 1992, appellant pled guilty to aggravated sexual assault of a child and was sentenced to eight years confinement. Upon his release, appellant signed a registration form acknowledging that he had been notified and understood the requirements of his duty to register as a sex offender, including his duty to inform the local law enforcement agency upon a change of address. Among other things, the registration form notified appellant that his failure to abide by the requirements could subject him to criminal prosecution.[1] After he was released, appellant moved to Lubbock and began

[1]"I must verify and complete registration within 7 days of the date indicated in this notice with the law enforcement agency identified above.

If under supervision, not later than 7 days prior to any change of address, I must notify my supervising officer and the last registering law enforcement agency of my new address and within 7 days of establishing my new address, I must appear in person with the law enforcement agency having jurisdiction over my address and verify my new address. . . ."

working on July 18, 2000. He listed his address with his employer as 6517 Temple Avenue, Apartment 11, Lubbock, Texas; however, he did not register this address with the Lubbock Police Department.

On August 2, 2000, while investigating a complaint about an ordinance violation, Officer Hart of the Lubbock Police Department found appellant and others residing at 2109 68th Street.[2] Although appellant told the officer that he was in charge of the residence and had just returned home from work, he had not registered this residence with the proper authorities. Because the city ordinance prohibited occupancy by more than two unrelated persons at the address, at the direction of the property owner, the officer instructed appellant to move from that address and that if he returned, he would be trespassing. The officer then questioned appellant about his registration as a sex offender and appellant stated he thought he had 21 days to comply. The officer informed appellant he only had seven days to comply, but still gave him until August 4, 2000, to register. Appellant did not register until August 7, 2000, and instead of listing a new address, he listed his former residence at the house at 2109 68th Street. From July 18, 2000, until his arrest on August 14, 2000, appellant never properly registered as a sex offender in Lubbock County.

---

[2]Several people lived at the house on 68th Street, including a 14-year-old girl who indicated that appellant had made attempts to touch or molest her.

By his first and second points, appellant contends the trial court erred in overruling his motion to quash because the indictment failed to notify him of the exact nature and cause of the accusations against him in violation of the Code of Criminal Procedure and Texas Constitution.  We disagree.

Upon appellant's pre-trial motion to compel the State to elect between charging paragraphs, the State announced that it elected to proceed upon count one, which charged:

> In Lubbock County, Texas, Gus Brazeal, hereafter styled the defendant, heretofore on or about the 7th day of August, A.D. 2000, did then and there intentionally and knowingly fail to report in person to a local law enforcement authority a change of address not later than seven days after changing the address, and the said Gus Brazeal was required to register in that he has a reportable conviction, to wit; on or about [the] 14th day of April, A.D. 1992 the defendant was convicted in CR92-0102-B in the 119th Judicial District Court, Tom Green County, Texas for the offense of Aggravated Sexual Assault of a Child[.]

By his written motion to quash, without any explanation or specification, appellant alleged that count one "fail[ed] to charge an offense against the laws of the State of Texas." However, by his argument in the trial court, appellant contended:

> [a]nd our argument is that the statute does not require a Defendant to report a change of address, only with a new residence, if a new residence is established.

On appeal however, appellant argues that the indictment does not meet the requirements of article 21.02 of the Texas Code of Criminal Procedure.  Because appellant's contention

4

on appeal does not comport with his claims at trial, appellant's first point presents nothing for review.  Santellan v. State, 939 S.W.2d 155, 171 (Tex.Cr.App. 1997) (citing former Texas Rule of Appellate Procedure 52(a), currently Rule 33.1).

Although appellant's motion to quash also asserted non-compliance with four constitutional provisions and six provisions of the Texas Code of Criminal Procedure, by his brief, he focuses on Article I, Section 10 of the Texas Constitution, quoting the statute as follows:

> Sec. 10. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.  He shall have the right to demand the nature and cause of the accusation against him. . . .

According to the reporter's record, appellant's only argument at the pre-trial conference was that the registration statute did not require appellant to report a change of address. Appellant's written motion to quash, as well as his contention here, is simply a general statement that notice was deficient under the indictment and was undeveloped by arguments or reasons. Oldham v. State, 5 S.W.3d 840, 847 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd); *see also* Williams v. State 937 S.W.2d 479, 487 (Tex.Cr.App. 1996) (discussing undeveloped arguments).  Accordingly, fundamental constitutional protections of adequate notice and due process are not implicated.  Prudhome v. State, 989 S.W.2d 852, 855 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd), citing Jones v. State, 672 S.W.2d 798-99 (Tex.Cr.App. 1984).  Moreover, the indictment substantially tracked the provisions

5

of article 62.04(a) of the Code of Criminal Procedure. Because the State is not required to allege facts that are merely evidentiary in nature, State v. Mays, 967 S.W.2d 404, 406 (Tex.Cr.App. 1998), the recitation of the specific address of the residence that appellant failed to register is not essential to the indictment. Therefore, appellant's first two points are overruled.

By his third point, appellant argues that section 62.04 of the Texas Code of Criminal Procedure is void for vagueness in violation of the Fourteenth Amendment to the United States Constitution. We disagree. The statute provides:

> Art. 62.04 Change of Address
>
> If a person required to register intends to change **address**, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority with whom the person last registered and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new **address**. *If a person required to register changes* **address**, *the person shall, not later than the seventh day after changing the* **address***, report in person to the local law enforcement authority in the municipality or county in which the person's new* **residence** *is located and provide the authority with proof of identity and proof of residence*.

(Emphasis added). Tex. Code Crim. Proc. Ann. art. 62.04(a) (Vernon Pamph. Supp. 2001). Focusing on the portion of the statute set out in italics, appellant contends that the statute fails to give a person of ordinary intelligence fair notice that his contemplated

conduct is forbidden because of the use of the words residence and address. *See* Earls v. State, 707 S.W.2d 82, 86 (Tex.Cr.App. 1986).

We begin our analysis by applying the presumption that the statute is valid and that the Legislature did not act unreasonably or arbitrarily in enacting it, Ex parte Granviel, 561 S.W.2d 503, 511 (Tex.Cr.App. 1978); State v. Wofford, 34 S.W.3d 671, 678 (Tex.App.–Austin 2000, no pet.), and we must uphold the statute if it can be reasonably construed to be constitutional. Ely v. State, 582 S.W.2d 416, 419 (Tex.Cr.App. 1979); *Wofford*, 34 S.W.3d at 678. Moreover, appellant bears the burden of proving that the statute is unconstitutional. *Granviel*, 561 S.W.2d at 511.

The statute is not complicated and does not use unfamiliar terms. Whether a person's residence is in a municipality or county determines the appropriate law enforcement authority for registration. Thus, the word residence, not address, was appropriately used in the last sentence. Words used in a statute are given their ordinary and plain meaning unless clearly shown to be used in another sense. Tex. Gov't Code Ann. § 311.011 (Vernon 1998); State v. Mendel, 871 S.W.2d 906, 909 (Tex.App.--Houston [14th Dist.] 1994, no pet.); *see also* State v. Mancuso, 919 S.W.2d 86, 87 (Tex.Cr.App. 1996). Applying the ordinary and plain meaning, people live or reside in residences and a residence is located at a particular address.

Moreover, article 62.04(a) is part of chapter 62 entitled "Sex Offender Registration Program." Under article 62.02(b)(1), the Department of Public Safety is required to provide registration forms to the Texas Department of Criminal Justice and local law enforcement authorities and requires that the form include:

(1) the person's full name, each alias, date of birth, sex, race, height, weight, eye color, hair color, social security number, driver's license number, shoe size, and *home address . . . .*

(Emphasis added). Thus, for sex offender registration purposes, the home address of the sex offender as opposed to a business, mailing, e-mail address, or any other address is determinative. Accordingly, appellant's third point is overruled.

By his fourth point, appellant contends that by sentencing him to five years for failure to register as a sex offender, the trial court committed fundamental error in violation of the Eighth Amendment prohibition against cruel and unusual punishment. We disagree. Appellant was sentenced to five years confinement for failure to register as a sex offender, enhanced to a third degree felony. The statutory range for a third degree felony is "not more than 10 years or less than 2 years." Tex. Pen. Code Ann. §12.34(a) (Vernon 1994). Any punishment assessed within the range that is authorized by statute is not cruel and unusual punishment and does not render the sentence excessive. McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.–Waco 2000, pet. ref'd). Therefore, appellant's fourth point of error is overruled.

8

Accordingly, the judgment of the trial court is affirmed.


                                        Don H. Reavis
                                          Justice


Do not publish.