In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-01-00937-CR
____________


MANUEL REYES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 878354




O P I N I O N
          Manuel Reyes, appellant, was charged by indictment with the felony offense of failing
to comply with the sex offender registration requirements from August 7, 2000 through
October 8, 2000. Appellant pled not guilty, and a trial was held before a jury, which found
him guilty. The trial judge assessed punishment, enhanced by two prior felony convictions,
at confinement for 60 years. Appellant challenges the trial court’s decision on three issues:
(1) legal and (2) factual insufficiency to support the jury’s verdict, and (3) imposition of an
illegal sentence because the punishment under the sex offender registration laws is not
subject to enhancement as a habitual offender under article 12.42(d) of the Texas Code of
Criminal Procedure. We affirm.
Background
           On June 25, 1993, appellant was convicted of indecency with a child, and sentenced
to five years in prison. Appellant was released from prison on February 25, 1998. Appellant
was required to register with the local law enforcement agency not later than the seventh day
after the date on which he was released, pursuant to the Texas Code of Criminal Procedure
article 62.03. On March 13, 1998, Dalia Hester, a Houston Police Officer assigned to the
Sex Offender Registration Unit of the juvenile division, met with appellant to fill out the sex
offender registration form. The sex offender registration form, which was signed by
appellant, indicated that he understood all the requirements. The form stated that verification
was required annually. In 2000, the registration requirements were changed, making the
anniversary date for registration the person’s date of birth. Act of May 26, 1999, 76th Leg.,
R.S., ch. 444, section 6, 1999 Tex. Gen. Laws 2827. Appellant did not register at all during
2000.
 
 
 
Discussion
Sufficiency of the Evidence
           In his first two points of error, appellant argues that the evidence was legally and
factually insufficient to prove that he was guilty of failing to register as a sex offender.
           In reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the evidence on factual sufficiency
grounds, we ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. at 563. We must avoid substituting our judgment for that
of the fact finder. Id.
           In this case, Officer Hester testified that she met with appellant to fill out the 
registration form as required by article 62.03. Texas Code of Criminal Procedure Ann.
art. 62.03 (Vernon Supp. 2002). Hester also testified that she notified appellant that he was
required to register once a year. Hester’s testimony was supported by the information
contained in the sex offender registration form, which she filled out in appellant’s presence
on March 13, 1998. Appellant signed this form, indicating that he had thoroughly reviewed
the information provided prior to signing this form. The same information and notification
of annual registration was contained in the adult sex offender registration pre-release
notification form, which was also initialed by appellant.
           Appellant argues that “there was no evidence presented which showed appellant
actually knew of the requirement to report during the period alleged in the indictment and
consequently no evidence that appellant’s alleged failure to register during that period was
intentional or knowing.” Appellant bases his argument on the fact that the registration
requirements changed in 2000, from the “date on which the person first registered” to the
“person’s date of birth.” See Act of May 26, 1999, 76th Leg., R.S., ch. 444, section 6, 1999
Tex. Gen. Laws 2827. It is well settled that ignorance of the law is not a defense to its
violation. See Almanza v. State, 365 S.W.2d 360, 362 (Tex. Crim. App. 1963). The record
shows that appellant did not register at all during the year 2000 and that appellant did not
comply with the statute whether the registration was based on his first registration date or on
his birth date.
           We find, after reviewing the evidence in the light most favorable to the verdict, that
a rational trier of fact could have found that appellant did not intend to comply with the
registration requirements under article 62.06(b).


 Tex. Code Crim. Proc. Ann. art. 62.06(b)
(Vernon Supp. 2002). Furthermore, we find that the evidence on this point was not so weak
as to undermine confidence in the jury’s determination nor was it greatly outweighed by
contrary proof. See King, 29 S.W.3d at 563. We overrule appellant’s first two points of
error.
Punishment Enhancement
           In his third point of error, appellant claims his sentence was illegal because the sex
offender registration offense is not subject to enhancement under the habitual offender
statute. Appellant was charged with a third degree felony under article 62.10(a)(2). See 
Tex. Code Crim. Proc. Ann. art. 62.10(a)(2) (Vernon Supp. 2000). His punishment was
enhanced under the Texas Penal Code section 12.42(a)(3) by his prior felony convictions for
burglary and aggravated assault. See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp.
2002).
           Relying on State v. Mancuso, appellant claims that paragraph “(c)” of article 62.10
functions as an enhancement provision, which precludes the application of any other
enhancement provision to the offense. See State v. Mancuso, 919 S.W.2d 86, 88 (Tex. Crim.
App. 1996).
           Mancuso dealt with a conflict between the general enhancement statute for state jail
felonies and the general enhancement for habitual felony offenders. In clearing up the
conflict, the Court of Criminal Appeals held that a non-aggravated state jail felony could not
be enhanced under the habitual offender enhancement statute. Id. at 89-90. Paragraph “(c)”
of article 62.10 is not a general punishment enhancement statute of the type addressed in
Mancuso. Rather, it is a specific provision that raises the punishment level of an article
62.10 offense when the defendant has been previously convicted of an article 62.10 offense. 
As such, article 62.10(c) provides a very specific exception to the general enhancement
statute, but does not otherwise preclude the application of section 12.42.



           We hold that the enhancement of appellant’s punishment under section 12.42 of the
Texas Penal Code did not result in an illegal sentence. We overrule appellant’s third point
of error.
Conclusion
           We affirm the judgment of the trial court. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Radack.
Publish. Tex. R. App. P. 47.