IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,058






EX PARTE BRENDA JOYCE FRANKLIN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Article 11.07, § 3, et seq., V.A.C.C.P. Applicant was convicted of the state
jail felony offense of possession of a controlled substance, and punishment was assessed at
25 years confinement. No direct appeal was taken.

 Applicant contends her sentence is illegal under Mancuso v. State, 919 S.W.2d 86
(Tex.Crim.App. 1996), because her state jail felony offense was improperly enhanced under
V.T.C.A. Penal Code §12.42 (d). The State and the trial court agree that relief should be
granted.

 Applicant's indictment alleged the instant offense, which occurred on August 10,
1995, along with two sequential prior convictions for possession of a controlled substance. 
V.T.C.A. Penal Code § 12.35 (a) provides that except under subsection (c), the punishment
for a state jail felony is confinement in a state jail for not more than two years. Subsection
(c) provides that a state jail felony shall be punished as a third degree felony under
circumstances not applicable in this case. In Mancuso, this Court held that the only way a
state jail felony could be enhanced under the provisions of § 12.42 was if it was first
enhanced under subsection (c).

 Because the circumstances described in § 12.35 (c) are not present in this case,
Applicant's punishment could not be enhanced under § 12.42 (d), and her sentence is illegal. 
Accordingly, her sentence is set aside and Applicant is ordered remanded to Harris County
for a new punishment hearing. 


DO NOT PUBLISH

DELIVERED DECEMBER 15, 2004.