**Opinion filed June 25, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00327-CR

_____

## ANGEL SANCHEZ MURO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-33,597**

### MEMORANDUM OPINION

Angel Sanchez Muro appeals his conviction by a jury for the offense of possession of less than one gram of cocaine . The jury, having received evidence of two prior felony convictions for driving while intoxicated, assessed Muro's punishment at eighteen years in the Texas Department of Criminal Justice, Institutional Division. Muro contends on appeal that prior felony convictions for felony driving while intoxicated are not available to enhance state jail felonies and that the trial court erred in denying his motion to set aside the sentence as being excessive in violation of the excessive fines and penalties clause of the Texas and United States Constitutions. We affirm.

In support of these two contentions, Muro argues that the use of the two prior felony convictions for enhancement is not authorized by TEX. PENAL CODE ANN. § 12.42 (Vernon Supp.

2008). Section 12.42(a)(2) authorizes the enhancement of a state jail felony by two prior felony convictions. Muro supports his argument that the two prior felony convictions for driving while intoxicated could not be used for enhancement by relying on the case of *State v. Mancuso*, 919 S.W.2d 86 (Tex. Crim. App. 1996). In that case, involving a state jail felony enhanced by two prior felony convictions, the court held that the trial court did not err by sentencing the defendant in a way inconsistent with enhancement by two prior felony convictions because TEX. CODE CRIM. PROC. ANN. art. 42.12, §15(d) (Vernon Supp. 2008) authorized the sentence that the trial court assessed. 919 S.W.2d at 89. In the case at bar, we uphold the sentence assessed by the jury because it is authorized by Section 12.42(a)(2). Since *Mancuso*, the legislature has revised Section 12.42(a)(2) so as to make clear that it does apply to the enhancement of state jail felonies. Muro presents no authority indicating that his sentence is not authorized by Section 12.42(a)(2) as it exists today, nor are we aware of any.

It appears that Muro's contention that the trial court erred in denying his motion to set aside the sentence as being excessive, in violation of the excessive fines and penalties clause of the Texas and United States Constitutions, is solely based upon his contention that his punishment did not fall within the range authorized by statute. This argument must fail, in view of our conclusion that his punishment was properly enhanced by the two prior felony convictions for driving while intoxicated. We also note that the clerk's record does not contain Muro's motion. We overrule Muro's issues on appeal.

The judgment is affirmed.

PER CURIAM

June 25, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

2