Daniel **HERNANDEZ** a/k/a Antonio Gonzales, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–95–00915–CR.

Court of Appeals of Texas, Dallas.

May 15, 1996.

R.K. Weaver, Dallas, for Appellant.

Libra Lange, Assistant District Attorney, Dallas, for Appellee.

Before LAGARDE, KINKEADE and MORRIS, JJ.

## OPINION

LAGARDE, Justice.

Daniel Hernandez a/k/a Antonio Gonzales [1] appeals his conviction in a jury trial for unlawful possession of a controlled substance, to-wit: cocaine in an amount less than one gram. The jury assessed punishment, en-

hanced by two prior felonies, at life. Appellant contends that his sentence exceeds the statutory maximum for the offense for which he was convicted. We overrule his point of error and affirm the trial court's judgment.

The indictment alleged that appellant committed the offense, a state jail felony, on October 15, 1994. The indictment also contained enhancement paragraphs alleging that appellant had been convicted previously of two felony offenses, possession of cocaine and robbery. Appellant did not object to the enhancement paragraphs. At the punishment stage, the State introduced pen packets containing judgments from the two offenses alleged in the enhancement paragraphs, as well as a third offense not included in the enhancement paragraphs. Appellant offered no objection to the introduction of the pen packets. The judgment from the robbery conviction contained a finding that appellant used or exhibited a deadly weapon. The jury found the allegations in the enhancement paragraphs to be true and assessed punishment at life. Appellant now contends that the jury did not have the authority to assess a life sentence because the sentence exceeded the statutory maximum for a state jail felony.

In interpreting statutes, a reviewing court must seek to effectuate the collective intent or purpose of the legislature. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). We must focus on the text of the statute and interpret it in a literal manner attempting to discern the fair, objective meaning of the text. *Id.* The duty of the reviewing court in interpreting the statute is to give the ordinary and plain meaning to the language of the legislature. *Id.* *Smith v. State*, 789 S.W.2d 590, 592 (Tex. Crim.App.1990). Where the statute is clear and unambiguous, the legislature must be understood to mean what it has expressed. *Coit v. State*, 808 S.W.2d 473, 475 (Tex.Crim. App.1991). Only when the application of the plain language of a statute is ambiguous, or would lead to absurd consequences that the

---

**1.** The State indicted appellant using the name Antonio Gonzales. As appellant was arraigned, he told the court his name was, in fact, Daniel Hernandez. The court changed his name on the indictment. However, the judgment names appellant as both Antonio Gonzales and Daniel Hernandez.

legislature could not possibly have intended, should the reviewing court look to extratextual factors. *Boykin,* 818 S.W.2d at 785.

Possession of cocaine in an amount less than one gram is generally punishable as a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1996). The punishment for a state jail felony is provided in section 12.35 of the penal code, which provides as follows:

> (a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.
>
> (b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.
>
> (c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:
>
>> (1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or
>>
>> *(2) the individual has previously been finally convicted of any felony:*
>>
>>> (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or
>>>
>>> *(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.*

TEX. PENAL CODE ANN. § 12.35 (Vernon 1994) (emphasis added). An offense classified as a state jail felony may be enhanced under enhancement provisions of section 12.42 of the penal code if it is punishable under section 12.35(c). *See State v. Mancuso,* 919 S.W.2d 86, 89–90 (Tex.Crim.App.1996).

Appellant maintains *Mancuso* dictates that the judgment be reversed.[2] We disagree. In *Mancuso,* appellee was charged with a state jail felony that involved neither an offense designated in article 42.12, section (3)(g), of the code of criminal procedure nor use or exhibition of a deadly weapon in the course of committing the offense. *See Mancuso,* 919 S.W.2d at 87 n. 1. In addition, the charging instrument in *Mancuso* alleged two prior convictions, neither of which involved a "designated offense" or a deadly weapon finding. *Id.* As a result, appellee's punishment for the unenhanced offense was provided for in section 12.35(a) of the penal code. In contrast, here, one of the judgments from a prior conviction *did* contain a deadly weapon finding. Thus, unlike the appellee in *Mancuso,* appellant could be punished for a third-degree felony under section 12.35(c)(2)(B).

Appellant contends that this offense could be enhanced only under article 42.12, section 15 of the code of criminal procedure, which provides for mandatory community supervision for offenses punished as state jail felonies. The version of subsections (a) and (d), in effect at the time appellant committed the offense and when he was tried, provided that:

> (a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence and place the defendant on community supervision. The judge may suspend in whole or in part the imposition of any fine imposed on conviction.

> \*   \*   \*   \*   \*   \*

> (d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed 60 days, or 180 days if the defendant previously has been convicted of a felony, or one year if the defendant is convicted of an offense punishable as a

---

**2.** Appellant actually relies on the opinion of the First Court of Appeals. *See State v. Mancuso,* 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.] 1995), *aff'd,* 919 S.W.2d 86 (Tex.Crim.App.1996). The court of criminal appeals opinion issued after appellant filed his brief. The holding and reasoning of the First Court of Appeals' opinion are substantially the same as the court of criminal appeals' opinion.

state jail felony under Section 481.112, Health and Safety Code, or the defendant previously has been convicted of two or more felonies.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3586, 3731–32, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex.Gen.Laws 2734, 2754.

While we acknowledge that section 15 of article 42.12 provides a mechanism for enhancing state jail felonies, this provision is inapplicable to enhancement of offenses punishable under section 12.35(c) of the penal code. *See Mancuso*, 919 S.W.2d at 89. When an offense is punishable under section 12.35(c), the enhancement provisions of section 12.42 of the penal code apply. At the time appellant committed the offense, section 12.42 provided, in pertinent part, as follows:

> (a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

> \*    \*    \*    \*    \*    \*

> (d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3603–04, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex.Gen.Laws 2734, 2735. Although only subsection (a) specifically provided for enhancement of state jail felonies punishable under section 12.35(c), the legislative intent is clear. The legislature intended that an offense punishable under section 12.35(c) be subject to the general enhancement provisions. *See Mancuso*, 919 S.W.2d at 90 n. 7 (new amendments eliminate any confusion in the application of section 12.42(a) and (d)).

 Because the offense in the present case was punishable under section 12.35(c) of the penal code, it was subject to the general enhancement provisions of section 12.42. Because it was subject to the general enhancement provisions of section 12.42, the jury could, on finding the allegations in the enhancement paragraphs to be true, assess a life sentence. Accordingly, we conclude that appellant's sentence does not exceed the statutory maximum. We overrule appellant's point of error and affirm the trial court's judgment.