**Daniel HERNANDEZ, a.k.a. Antonio Gonzales, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 898–96.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1996.

R.K. Weaver, Dallas, for appellant.

Libra Lange, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted of a state jail felony, namely, possession of less than one gram of cocaine. Tex.Health & Safety Code Ann. §§ 481.102(3)(D) and 481.115(a) and (b). Appellant pled "true" to the two enhancement paragraphs and the jury sentenced him to confinement for life. The Court of Appeals affirmed. *Hernandez v. State,* 927 S.W.2d 644 (Tex.App.—Dallas 1996). We summarily grant appellant's petition for discretionary review and remand the case to the trial court for a new punishment hearing.

### I.

The indictment alleged that on October 15, 1994, appellant committed a state jail felony by possessing less than one gram of cocaine.[1] Additionally, it was alleged that appellant had two prior felony convictions, delivery of a controlled substance and robbery, which were final before the commission of the charged offense. Following his conviction, appellant pled "true" to the enhancement paragraphs and two penitentiary packets relating to those convictions were admitted. The trial judge instructed the jury to find the enhancement paragraphs true and to assess a punishment at confinement for life, or for a term of not more than ninety-nine years, nor less than twenty-five years. Tex.Penal Code Ann. § 12.42(d). The jury assessed punishment at confinement for life.

### II.

On appeal appellant contended his sentence was void because § 12.42(d), the habitual offender statute, did not apply to defendants convicted of state jail felonies.[2] The Court of Appeals disagreed holding that appellant's prior robbery conviction properly enhanced the charged offense from a state jail felony to a third degree felony under

---

1. Tex.Penal Code § 12.35, which established a new category of felony entitled "State Jail Felony," became effective September 1, 1994.

2. Tex.Penal Code § 12.42 provides in part:
   (a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second degree felony.
       *    *    *    *    *
   (d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.
   (e) A *previous conviction for a state jail felony* may be used for enhancement purposes under this section only if the defendant was punished for the offense under Section 12.35(c).

Tex.Penal Code § 12.35(c)(2)(B).[3]  *Hernandez,* 927 S.W.2d at 646. The Court then held the third degree felony was properly enhanced under § 12.42(d). *Id.,* 927 S.W.2d at 647. Finding the State proved the convictions alleged in the enhancement paragraphs, the Court of Appeals held appellant's life sentence was valid. *Id.*

### III.

In *State v. Mancuso,* 919 S.W.2d 86 (Tex. Cr.App.1996), we held the Legislature intended all state jail felonies to be punished by confinement in a state jail for a term of not more than two years or less than 180 days, unless the provisions of § 12.35(c) were invoked. *Id.,* 919 S.W.2d at 88.

> ... [W]e hold that under the law in effect at the time of the commission of the instant offenses, the only way a defendant's punishment could be enhanced under the provisions of § 12.42 was if the defendant committed a state jail felony under the circumstances described in § 12.35(c) which mandates the defendant shall be punished for a third degree felony.

*Id.,* 919 S.W.2d at 90.

Pursuant to *Mancuso,* the instant case was properly enhanced to a third degree felony because the judgment for appellant's robbery conviction contains an affirmative finding of a deadly weapon. *See,* § 12.35(c)(2)(B). However, the Court of Appeals erred in holding the same robbery conviction could be used again to enhance appellant's punishment under § 12.42(d). The State is not permitted to use the same prior conviction more than once in the same prosecution. In *McWilliams v. State,* 782 S.W.2d 871 (Tex.Cr.App.1990), we held the State was precluded from using a prior conviction to enhance the punishment, when that same prior conviction had been used to create the charged offense of escape from a penal institution. *Id.,* 782 S.W.2d at 874–875. Similarly, in *Ramirez v. State,* 527 S.W.2d 542, 544 (Tex.Cr.App.1975), we held the punishment could not be enhanced by the same prior conviction used to create the charged offense of unlawful possession of a firearm by a felon. *See also, Wisdom v. State,* 708 S.W.2d 840, 845 (Tex.Cr.App.1986). Accordingly, appellant's prior robbery conviction was improperly used to enhance appellant's punishment under § 12.42(d).

### IV.

Appellant's petition for discretionary review is summarily granted, the judgment of the Court of Appeals is reversed and the case is remanded to the trial court for a new punishment hearing pursuant to Tex.Code Crim.Proc.Ann. Art. 44.29(b).

Judgment of Court of Appeals reversed; cause remanded to trial court.

WHITE, J., not participating.

---

3.  Tex.Penal Code § 12.35 provides in part:
    (a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.
    　　*　　*　　*　　*　　*　　*
    (c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:
    (1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon would be used or exhibited; or
    (2) the individual has previously been finally convicted of any felony:
    (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or
    (B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.