11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

William Lawrence Wint

Appellant

Vs.                   No. 11-04-00168-CR -- Appeal
from Ector County

State of Texas

Appellee

 

After a nonjury hearing, the trial court granted
the State=s motion
to revoke community supervision and sentenced William Lawrence Wint to
confinement for 5 years and a fine of $750. 
We modify and affirm in part; we reverse in part; and we remand the
cause for a new punishment hearing.

                                                                Background
Facts

Appellant was convicted in 1995 for the sexual
assault of a child in Upton County, Texas. 
Appellant was indicted in Ector County in 2003 for failing to comply
with the sex offender registration requirements of  TEX. CODE CRIM. PRO. ANN. art. 62.10 (Vernon
Pamph. Supp. 2004 - 2005).  The
indictment did not contain an enhancement allegation.  Pursuant to a plea agreement on August 22,
2003, appellant was placed on community supervision for a state jail
felony.  See TEX. CODE CRIM. PRO.
ANN. art. 42.12, ' 15(b)
(Vernon Pamph. Supp. 2004 - 2005). The term of supervision was 5 years and a
$750 fine, and one of the conditions was that appellant would have no direct or
indirect contact with any minor child under the age of 17 unless supervised by
an adult who had been approved by his community supervision officer. The State
alleged in its motion to revoke that appellant had direct contact with minor
children under the age of 17 without the supervision of an adult who had been
approved by his community supervision officer.








There were only two witnesses who testified at the
revocation hearing on May 13, 2004.  Roy
Harrison, appellant=s
community supervision officer, testified that he made an unannounced field
visit to appellant=s
residence on March 18, 2004.  The man who
answered the door said that appellant was not there because he was
babysitting.  That man gave Harrison the
phone number where appellant could be reached. 
Harrison called his department, and someone gave him the address which
matched that telephone number.  Harrison
went to that address and found appellant in the presence of several small
children.  There was also a woman on
crutches who said that she had called appellant to help with the children.  Harrison said that this woman had not been
approved to supervise appellant with children. 


Appellant testified that his ex-wife had called
and asked him to help her that day with her grandchildren because she had
fallen and hurt her ankle.  She needed
him to help her until her husband got home that evening.  

                                        Trial
Court=s Ruling

The trial court found that appellant had direct
contact with minor children under the age of 17 without the supervision of an
adult who had been approved by his community supervision officer and that this
was a violation of one of the provisions of his community supervision.  The trial court then sentenced appellant to
serve a term of 5 years in the Texas Department of Criminal Justice and to pay
a fine of $750. 

                                                          Issue
Presented for Review

Appellant argues that the trial court erred in
sentencing him to five years confinement for a state jail felony.

                                                                        Opinion

Appellant cites Mizell v. State, 119 S.W.3d
804, 806 (Tex.Cr.App.2003), where the court held:

A sentence that is outside the maximum or minimum
range of punishment is unauthorized by law and therefore illegal.  A defendant may obtain relief from an
unauthorized sentence on direct appeal or by a writ of habeas corpus....There
has never been anything in Texas law that prevented any court with
jurisdiction over a criminal case from noticing and correcting an illegal
sentence.  (Emphasis in original;
Authorities omitted) 

 








The only case cited by the State is Bunton v. State, 136
S.W.3d 355 (Tex.App. - Austin 2004, pet=n
ref=d). 
In that case, the defendant had been convicted of a state jail felony by
a jury which found that his punishment should be enhanced by proof of the use
of a deadly weapon during that offense and then enhanced again by proof of two
prior felony convictions.

In the case before us, appellant was convicted of
a state jail felony.  Normally, the
maximum punishment for a state jail felony is confinement for a term of 2 years
and a fine of $10,000.  See  TEX. PEN. CODE ANN. '
12.35 (Vernon 2003).  That section also
states that an individual adjudged guilty of a state jail felony may be
punished for a third degree felony if it is shown during the trial of the
offense that a deadly weapon was used or that the individual had been
previously convicted of any felony listed in TEX. CODE CRIM. PRO. ANN. art.
42.12, ' 3g(a)(1)
(Vernon  Pamph. Supp. 2004 - 2005) or any
felony for which the judgment made an affirmative finding that a deadly weapon
was used or exhibited.  However, no such
enhancement was alleged in this case. 
Moreover, the same offense cannot be used to require registration and to
also enhance the punishment for failing to register.  Ballard v. State, 149 S.W.3d 693
(Tex.App. - Austin 2004, pet=n
ref=d); see also Hernandez v. State,
929 S.W.2d 11, 13 (Tex.Cr.App.1996).

Article 62.10 provides that failure to register as
a sex offender is a state jail felony unless it is shown during the trial of
the person for an offense under Article 62.10 that Athe
person has previously been convicted of an offense under this article.@ 
In that event, the person shall be punished for a felony of the third
degree.  The record shows only one
failure to register as a sex offender. 

                                                                This
Court=s Ruling

The order of the trial court is modified to reflect
that the offense was a state jail felony, rather than a third degree felony;
and as modified, the order is affirmed insofar as it grants the motion to
revoke appellant=s
community supervision.  The portion of
the order assessing punishment is reversed, and the cause is remanded for the
trial court to impose an appropriate sentence for a state jail felony.

 

BOB DICKENSON

SENIOR JUSTICE

August 11, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.