

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,538-03

### EX PARTE MALVIN SADLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-09-11,312-C IN THE 24TH DISTRICT COURT
### FROM DEWITT COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of unlawful possession of a firearm by a felon and sentenced to sixty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Sadler v. State*, No. 13-10-00570-CR (Tex. App.—Corpus Christi-Edinburg Aug. 31, 2011) (not designated for publication). Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not object to use of the same conviction as both an element of the offense and as a prior conviction for enhancement purposes. *Ramirez v. State*, 527 S.W.2d 542, 544 (Tex. Crim.

App. 1986); *Hernandez v. State*, 929 S.W.2d 11, 13 (Tex. Crim. App. 1996).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In so doing, the court shall consider whether the State knew of other prior felony convictions that were available to enhance Applicant's punishment. *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: June 13, 2018
Do not publish