

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,797-02

### EX PARTE SHAWN POORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 38,888A IN THE 66TH DISTRICT COURT FROM HILL COUNTY

*Per curiam*. YEARY, J., concurred.

### O P I N I O N

Applicant was convicted of unlawful possession of a firearm by a felon and sentenced to 35 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to object to the use of a prior conviction for enhancement when the prior conviction was also the underlying felony in Applicant's unlawful possession charge. *See Hernandez v. State,* 929 S.W.2d 11, 13 (Tex. Crim. App. 1996) ("The State is not permitted to use the same prior conviction more than once in the same

prosecution."); *Mc Williams v. State,* 782 S.W.2d 871, 875 (Tex. Crim. App. 1990) ("a prior conviction is not available to enhance punishment for an offense of which it is an essential element"). Based on the record, the trial court has determined that Applicant's plea was involuntary.

On remand, the trial court attempted to grant Applicant a new trial, set aside the judgment, and re-sentence Applicant. The trial court was without authority to do so. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). The judgment purporting to change Applicant's conviction and sentence is void and of no effect.

Relief is now granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 38,888 in the 66th District Court of Hill County is set aside, and Applicant is remanded to the custody of the Sheriff of Hill County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 15, 2025

Do not publish